# IN THE MATTER OF THE APPLICATION OF KITTIE HARRIS FOR A WRIT OF HABEAS CORPUS.

(187 N. W. 140.)

**Criminal law — defendant legally incarcerated after lapse of time of sentence, where it had been suspended, but she failed to report.**

In the application for writ of habeas corpus where a petitioner was committed upon a sentence of six months in the county jail, and released thereafter under suspended sentence in order that she might receive medical atten-

Note.—On the question of power of to suspend sentence or stay execution of sentence, see notes in 33 L.R.A.(N.S.) 112; 39 L.R.A.(N.S.) 242; L.R.A.1915C, 1169, and L.R.A.1918C, 551; 8 R. C. L. 248; 2 R. C. L. Supp. 582.

tion and upon directions to report thereafter, and where subsequently petitioner, having failed to report, was arrested and committed for the unexpired term of the sentence, it is held following, Re Hart, 29 N. D. 38, that her detention is legal even after the expiration of six months elapsed time from the date of the first commitment.

Opinion filed Nov. 8, 1921.

Criminal Law, 16 C. J. § 3141 p. 1335 n. 73½ New.

Application for original writ of habeas corpus.
Order to show cause dismissed.
*E. R. Sinkler,* for petitioner.
*O. B. Herigstad,* for A. P. Scofield.

BRONSON, J.  The petitioner, Kittie Harris, seeks the issuance of an original writ of habeas corpus, alleging illegal imprisonment and illegal restraint of her liberty.  The facts are as follows:  On April 1st, 1921, the petitioner, upon a plea of guilty, was sentenced by the district court to serve a term of six months in the Ward county jail for having in her possession certain prohibited drugs:  Then she commenced the service of the sentence.  On June 15th, 1921, she was released upon the following order of the district court,—"It is ordered that the sentence of . . . Kittie Harris be suspended from this date until the further order of this court.  The defendant is further ordered to report for completion of said sentence upon her return to Ward county, North Dakota, from the hospital."  On Sept. 1st, 1921, the district court made a further order as follows:  "The court having made its order on the 15th day of June, 1921, suspending the sentence of the above-named defendant, in order that she might go to Minnesota for medical attention which appeared necessary from affidavits of physicians, and the defendant having been ordered to report to this court of her return to Ward county, and she having failed to so report, now, therefore, it appearing that the defendant is present in Ward county at this time, it is hereby ordered that the sheriff forthwith arrest said above-named defendant and commit her to the Ward county jail under this commitment for the full term of her unexpired sentence."  Pursuant to this order, she has been confined.  She contends that her sentence expired on October 1st, 1921, and that her deten-

tion is now illegal. The answer to this contention is contained in Re Hart, 29 N. D. 38, L.R.A.1915C, 1169, 149 N. W. 568. She contends that this case should be overruled. Assuredly, upon the facts in this case, there arises no occasion for overruling such case. The order is dismissed.

CHRISTIANSON, and BIRDZELL, JJ., concur.

GRACE, Ch. J., concurs in the result.

ROBINSON, J. This is an application for a habeas corpus to release a poor widow from the custody of the sheriff of Ward county. She avers that she is unlawfully imprisoned, and it seems that her plea is true.

In April, 1921, in the district court of Ward county, on her plea of guilty, she was convicted of having in her possession some prohibited drugs of which the name, quantity, or use is not disclosed. By the district judge she was sentenced to "be imprisoned for six months commencing on the first day of April, 1921, at noon." Because of sickness she was released from jail on the order of the judge. Then she was arrested and jailed under an order as follows:

State of North Dakota,
v.                      ss.
Kitty Harris, Defendant.

"The court having made on June 15, 1921, an order suspending sentence of the above-named defendant until the further order of the court in order that she might go to Minnesota for medical treatment, which appeared necessary from the affidavit of a physician, and she having been ordered to report to the court on her return to Ward county, and having failed to report, now, therefore, it is ordered, that the sheriff forthwith arrest said defendant and commit her to Ward county jail for the full term of her unexpired term.

"Jno. C. Lowe, District Judge."

Now surely that is not a valid commitment. It does not run in the name of the state; it is not given under the seal of the court; it does not show that she has been convicted of any offense. It does not

limit the time of imprisonment. It is made by the judge of his own motion without notice to anyone, and it imports that the real offense is that she did not call on the judge.

Of course in case of necessity, such as the burning of the jail, the prevalence of an infectious and dangerous disease and such like, the sheriff might have released her temporarily, either with or without the order of the judge, and afterwards retake her to serve till the expiration of six months from the first day of April. It is said the release or suspension of sentence was made under the Code, § 10959, and under that section "when it appears that the public welfare does not demand or require that the defendant shall suffer the penalty imposed by law, the court or magistrate may suspend the execution of the sentence imposed or may modify or alter the sentence in such a manner as to the court or magistrate seems proper." Assuredly the statute does not authorize the court to extend the term of imprisonment so as to keep it perpetually hanging over the accused. If a judge may at his pleasure for once suspend a sentence and at his pleasure order a rearrest, he may do it a hundred times or more. When the defendant had served one day he might have ordered a suspension of her sentence for six months, and then a rearrest, and continue to do the same every six months for one hundred eighty times or ninety years, if he and defendant lived so long.

The respondent cites as conclusive an opinion by ex-Justice Bruce in Re Hart, 29 N. D. 38, L.R.A.1915C, 1169, 149 N. W. 568. In the Hart Case defendant was accused of keeping a bawdy house. By arrangement and compromise she plead guilty, the sentence being that she pay a fine of $300 and costs and be imprisoned in the county jail six months. She at once paid the fine and was released on suspended sentence. After the lapse of a year the judge made an ex parte order revoking the suspension and directing the arrest and imprisonment of defendant for six months. Now the plea of guilty, the sentence and the suspension, and the payment of $300 and costs were all a part of one transaction. The plea and payment was made in consideration of the suspension or the practical undoing of the imprisonment. The manifest purpose of the transaction was to get the good money without incurring the expense and the uncertainty of a trial, and every judge knows that such transactions are very common. Hence to retain

the money and withdraw the suspension was an act of tyranny and bad faith, an act unworthy of any judge. It cannot be excused by any technical reasoning. The better opinion is by ex-Justice Spalding, 29 N. D. 47, 51. And it accords with the reasoning in the Markuson Case, 5 N. D. 180, 64 N. W. 939. There, the court held thus: "The time at which a sentence of imprisonment begins and ends is a matter of great importance. We know of no authority which will permit a trial court to postpone from time to time the date at which an imprisonment shall go into effect after a valid judgment declaring that the imprisonment shall begin at a definite date." In the case now before the court the sentence was that the defendant be imprisoned for six months commencing on the first day of April, 1921, at 12 o'clock noon. The sentence was for an imprisonment from April 1st, at noon, until October 1st, at noon, and not a minute longer, and hence so far as the order of the judge imposes an imprisonment after October 1st, at 12 M., it is clearly void, and for other reasons above specified the order is void on its face. Defendant should be discharged and allowed her constitutional right to pursue and obtain safety and happiness.