## STATE OF NORTH DAKOTA, Respondent, v. S. R. UTTKE, Appellant.

(234 N. W. 79.)

Opinion filed January 5, 1931. Rehearing denied January 21, 1931.

*Lauder, Heder & Lauder,* and *Whipple & Perry* (*Sullivan, Hanley & Sullivan,* of counsel) for appellant.

*T. L. Brouillard,* State's Attorney, *Harold D. Shaft,* Assistant Attorney General, for respondent.

NUESSLE, J.  S. R. Uttke was a resident of Dickey county. During the year 1929 he was arrested on several charges of violation of the prohibitory law.  He was bound over to answer for these several offenses to the district court of Dickey county.  The next term of court convened in October, 1929.  The defendant was informed against on the several charges by the state's attorney.  He plead guilty to one of these offenses and judgment of conviction was entered against him. The court, however, suspended the jail portion of the sentence.  Thereupon the state's attorney moved to dismiss the other charges.  The motions were granted and the cases were dismissed.  On February 8, 1930, he was again arrested for another violation of the prohibitory law alleged to have been committed on February 3rd.  He demanded and was given a preliminary examination.  Witnesses were examined

on behalf of the state and cross-examined by the defendant, and the defendant was bound over to answer at the next term of court. Thereupon the state's attorney applied to the judge who had imposed the prior sentence and made the order of suspension thereof, for an order to show cause directed to the said Uttke why the order of suspension should not be revoked and he be committed to serve the sentence so imposed. This application was based upon the affidavits of the state's attorney, of the sheriff who made the arrest, of the complaining witness, and upon the record of the preliminary examination showing the proceedings therein, a transcript of the testimony, and the order of the committing magistrate binding the defendant over. On the return day set in the order to show cause, the defendant appeared with counsel and was permitted to make a showing in response to the matters charged in the application for the order. He himself was sworn and testified, as were also certain witnesses in his behalf whom he produced. The judge in addition to the showing as thus made, made some personal investigations of his own, the character and extent of which is not disclosed by the record. Thereupon the court made an order revoking the order of suspension and ordering the issuance of a commitment. The defendant perfected this appeal from such order.

No question is raised as to the appealability of the order revoking the suspension.

The statute under which the defendant's sentence was suspended is § 10,959, Comp. Laws 1913, providing:

"In all prosecutions for misdemeanors where the defendant has been found guilty, and where the court or magistrate has power to sentence such defendant to the county jail, and it appears that the defendant has never been imprisoned for crime, either in this state or elsewhere (but detention in an institution for juvenile delinquents shall not be considered imprisonment), and where it shall appear to the satisfaction of the court or magistrate that the character of the defendant and circumstances in the case are such that such defendant is not likely to again engage in an offensive course of conduct, and where it appears that the public welfare does not demand or require that the defendant shall suffer the penalty imposed by law, said court or magistrate may suspend the execution of the sentence or may modify or alter the

sentence imposed in such manner as to the court or magistrate, in view of all the circumstances, seems just and right."

The sentence imposed by the court was a fine and imprisonment in the county jail. At the time this sentence was imposed, the court ordered that upon the payment of the fine the jail sentence should be suspended during the good behavior of the defendant. After the hearing on the order to show cause and at the time the order of suspension was revoked, the court said: "I wanted to satisfy myself as to whether or not this man was engaged in the liquor traffic. Because no matter what the showing was here if the court was convinced that he had not been engaged in the liquor traffic the court certainly would not want to have the order revoked. Because if Mr. Uttke has been fair to the court and the state and has not engaged in the liquor traffic, the court should naturally be right with him. That would not only be right but that is what the court would want to do. But from what investigation I have made, as well as what the record shows, I feel satisfied that Mr. Uttke has not stopped his traffic in liquor and therefore it will be the order of the court that the order heretofore made suspending Mr. Uttke's jail sentence be revoked and Mr. Uttke be remanded to the sheriff and that the judgment of the court heretofore entered be served —a year in the county jail—be in full force and effect beginning at twelve o'clock noon this date."

This court has heretofore had occasion to consider the statute, section 10,959 heretofore quoted, and to construe and apply the same. So that now there can be no question either as to the power of a trial court to suspend a sentence imposed for a misdemeanor, or as to the trial court's power subsequently to revoke a suspension theretofore made, or as to the effect of the suspension in deferring the running of a sentence thus suspended during the period of the suspension. See Re Hart, 29 N. D. 38, L.R.A.1915C, 1169, 149 N. W. 568; Re Harris, 49 N. D. 7, 187 N. W. 140; Re Pfann, 53 N. D. 389, 206 N. W. 230; Re Simonson, 54 N. D. 164, 209 N. W. 211.

Therefore, the sole question for determination in this case is as to whether upon the showing made the court was warranted in revoking the suspension and putting the sentence into effect.

Under the provisions of § 10,959, supra, the matter of whether a sentence shall be suspended lies wholly within the discretion of the

trial court. The defendant cannot demand an order suspending his sentence as a matter of right. Whether or not such an order shall be made is discretionary—a matter of favor and grace on the part of the court. Whether or not he will accept such favor and take advantage of the order of suspension is a matter of choice with the defendant. He may, if he desires to do so, refuse the favor and comply with the terms of the sentence. When the defendant does accept the favor and the sentence is suspended he knows that the suspension may be revoked and the sentence put into effect upon the order of the court. The statute makes no provision with respect to the procedure that shall be followed by the court in revoking the order of suspension. Since the suspension is a matter of favor and grace wholly within the discretion of the trial court, the defendant cannot demand a formal trial on the question as to whether the suspension shall be revoked. See People ex rel. Forsyth v. Court of Sessions, 141 N. Y. 288, 23 L.R.A. 856, 36 N. E. 386, 15 Am. Crim. Rep. 675; 16 C. J. 1335. See also cases cited in note to State v. Zolantakis, 54 A.L.R. 1471, et seq.

The defendant in the instant case contends that a trial judge in revoking an order of suspension cannot act capriciously or arbitrarily. Assuming, without deciding, that this is so, nevertheless, the defendant here has no complaint on these accounts. Here the suspension was during the good behavior of the defendant. After the suspension the defendant was again arrested on a charge of a further violation of the prohibitory law. He had a preliminary examination. Counsel appeared for him. Witnesses for the state who testified as to the acts constituting the offense were cross-examined in behalf of the defendant. The committing magistrate ordered that he be bound over to answer to the charge. All of these matters and things were shown to the trial court as the basis for the order to show cause. In response to the order to show cause the defendant appeared with counsel. He was afforded an opportunity to make a showing. He himself testified and submitted the testimony of other witnesses in his behalf. Upon the whole record, including both the testimony offered on behalf of the defendant and the testimony taken on behalf of the state at the preliminary examination, the trial court found that there was sufficient evidence of failure on the part of the defendant to comply with the requirement as to good behavior to warrant the revocation of the order of suspension. It is true

that the trial court did say at the time he revoked this order that he had made an additional personal investigation. And it is likewise true that it does not appear what comprised such investigation. But the remarks of the court indicate that this investigation was made rather in behalf of the defendant and with the view that notwithstanding the showing as made on the hearing, he might be able to come to some other conclusion. Certainly there is nothing in the record to indicate either arbitrary or capricious action in ordering the revocation.

The defendant cites and relies upon the case of State ex rel. Vadnais v. Stair, 48 N. D. 472, 185 N. W. 301. We think, however, that this case cannot avail him. The defendant had been convicted of felony. Sentence was suspended and the defendant placed on probation pursuant to the provisions of § 10,950, Comp. Laws 1913. Thereby the defendant was placed under the jurisdiction of the boards of experts (now the board of pardons). See § 10,952, Comp. Laws 1913 and § 10,948, Comp. Laws 1913, as amended [1925 Sup.] The probation could only be terminated pursuant to the provisions of § 10,956, Comp. Laws 1913, and only "after a full investigation and a personal hearing." Such a hearing was had and the board of experts thus clothed with jurisdiction in the matter found that none of the conditions imposed upon the defendant as a probationer had been violated. Accordingly we held that the defendant was entitled to a release from custody pursuant to the terms of the order suspending the sentence and placing him on probation.

The order from which this appeal is taken must be and it is affirmed.

CHRISTIANSON, Ch. J., and BIRDZELL and BURKE, JJ., concur.

BURR, J. (dissenting). While the suspension of sentence is a matter of grace on the part of the court, the revocation thereof is not a matter of arbitrary determination. Where, as in this case, sentence is suspended upon condition of future good behavior the defendant has a right to know what the court believes he did, and what matters the court found on investigation in order to show, if he can, that the court is mistaken in these matters. Where, as in this jurisdiction, a suspended sentence may hang over a man for the remainder of his natural life he has a legal right to have certainty and security increase with time,

that as a good life is lived the dread of imprisonment may pass. If, after years of good living, a charge of bad conduct be brought against him he is entitled to learn all the facts on which the court acts, otherwise its incentive is destroyed.

It is true he need not accept the suspension of sentence. He may refuse it, and serve out his term and thus rid himself of the incubus. However, when the court grants him a suspension upon condition, there is a suggestion of pact and agreement. The defendant has as much right to be confronted by his witnesses and to know the facts which actuate the judge in this case as he has in the trial of his case. It is enough of a Damocles' Sword to know there is a suspended sentence without also having the uncertainty that a court may throw him into jail whenever he thinks he should be there. This is the essence of arbitrary rule and star chamber practice.

The court states distinctly that he made a personal investigation. Evidently he was not satisfied with the condition of the testimony and may have had some doubt as to whether the defendant had in fact been guilty of bad conduct. Even if he made the investigation to see whether he could discover something of value to save the defendant, the defendant had a right to know what he found. I agree with the majority that the suspension is a matter of favor and grace, that a defendant cannot demand a "formal trial" on the question of its revocation, and certainly that the court cannot "act arbitrarily and capriciously;" but I feel that in this case, where the revocation is based partially on an outside investigation the scope of which is entirely foreign to the defendant, of which he is totally ignorant and unprepared to defend against, it is a revocation not in harmony with the defendant's rights, and repugnant to a sense of justice. How can we review the act of the court when we ourselves do not know the entire basis? Had the court based the revocation solely upon the testimony presented at the hearing I would not vote for a reversal. There would be sufficient basis for the decision, for opinions may differ on the showing made. But it is not sufficient to say there is enough disclosed so that discretion is exercised. The court did not base his revocation upon this showing alone. The defendant had no opportunity to meet the other matters which came to the attention of the court.

Doubtless the defendant was guilty of the former charge against him.

The jury so declared. If he went back into this business let his former sentence go into effect, and let him suffer for the second offense. But even a bad man is entitled to have his right remain uncancelled until at least he have the opportunity to show it should stand. He cannot do this when he does not know what the court learned. It is a question of the treatment of a criminal and the court's control over him. For this reason I think it is important to determine whether a court in revoking such a suspension of sentence as is involved in this case may do so upon an ex parte examination, no matter how good may be the motives of the court.