In the Matter of the Application of LESLIE GROVE for a Writ of Habeas Corpus.

[254 Pac. 519.]

CRIMINAL LAW—TRIAL COURT—PLEA OF GUILTY—INDEFINITE SUSPENSION OF SENTENCE — SUBSEQUENT JUDGMENT UNAUTHORIZED AND VOID.

1. While trial court on a plea of guilty may postpone pronouncement of judgment for a reasonable time for a proper purpose, such as to enable it to examine facts and circumstances and determine proper penalty to be imposed, it cannot in-

definitely withhold pronouncement of judgment, discharge defendant, and thereafter hale him into court and render such judgment as might originally have been pronounced.

2. Where court on plea of guilty withheld pronouncement of sentence and released defendant, without complying with C. S., secs. 9041–9047, requiring that terms and time for which judgment is withheld be made part of order in writing, a subsequent judgment three and one-half years later, imposing sentence for crime on which plea of guilty was made, was unauthorized and void.

APPLICATION for Writ of Habeas Corpus. Writ granted and petitioner discharged.

Solon B. Clark, for Petitioner.

Indefinite postponement of sentence is not authorized by the state of Idaho. (C. S., sec. 9041; *In re Peterson*, 19 Ida. 433, 113 Pac. 729, 33 L. R. A., N. S., 1067; 8 R. C. L., p. 248, sec. 251.)

Where a court suspends sentence indefinitely, in jurisdictions where an indefinite postponement is not permitted, it loses jurisdiction to proceed against him or sentence him thereafter. (*In re Peterson, supra; State v. Ensign,* 38 Ida. 539, 223 Pac. 230; *People v. Barrett,* 202 Ill. 287, 95 Am. St. 230, 67 N. E. 23, 63 L. R. A. 82; *State v. Sapp,* 87 Kan. 740, 125 Pac. 78, 42 L. R. A., N. S,, 249; *In re Beck,* 63 Kan. 57, 64 Pac. 971; *People v. Kennedy,* 58 Mich. 372, 25 N. W. 318; *Grundell v. People,* 33 Colo. 191, 108 Am. St. 75, 79 Pac. 1022; 8 R. C. L., p. 250, sec. 255.)

A. H. Conner, Attorney General, and John W. Cramer, Assistant Attorney General, for Defendant.

The matter covered by C. S., secs. 9041 to 9046, is discretionary with the lower court. (*State v. Ensign,* 38 Ida. 539, 223 Pac. 230.)

Publisher's Note.

1. Suspension of sentence, see notes in 33 **L. R. A., N. S.,** 112; **L. R. A.** 1918C, 551. See, also, 8 **R. C. L.** 250.

See Criminal Law, 16 **C. J.,** sec. 3048, p. 1291, n. 79, 83.

Whether a postponement of pronouncement of sentence is rightful depends not upon its length or definiteness, but upon its purpose and character. (*State v. Sapp*, 87 Kan. 740, 125 Pac. 78, 42 L. R. A., N. S., 249; *City of Lawrence v. Kagi*, 105 Kan. 520, 185 Pac. 60; *People v. Court of Co. Sessions*, 141 N. Y. 288, 36 N. E. 386, 23 L. R. A. 856.)

Indefinite withholding pronouncement of sentence and withholding during good behaviour is permissible under our statute. (C. S., secs. 9041, 9044; *Finer v. Commonwealth*, 250 Mass. 493, 146 N. E. 23.)

The failure to specify the condition is not fatal. (*State v. Mallahan*, 65 Wash. 287, 118 Pac. 42; *Finer v. Commonwealth, supra.*)

When defendant is again arrested and brought before the court charged with another crime, the suspended sentence may be imposed at such time. (*People v. Graves*, 31 Hun (N. Y.), 382; 16 C. J. 1291, sec. 3048.)

WM. E. LEE, C. J.—At the September, 1922, term of one of the district courts, Leslie Grove, the petitioner, was informed against for the crime of grand larceny. On January 30, 1923, on a plea of guilty of the crime charged, the district judge made, entered and signed a judgment or order, adjudging petitioner guilty, and,

"Whereupon said District Judge stated to the defendant that because of defendant's youth and it appearing to the said Court that restitution of the value of the stolen property had been made and the complaining witness in this case had indicated his satisfaction that leniency be shown, the pronouncement of sentence at this time was withheld and the defendant Leslie Grove was then by said Court released upon his own recognizance and his bondsmen exonerated."

Having been accused of the commission of other crimes, on September 17, 1926, petitioner was sentenced to serve from one to fourteen years in the state penitentiary for the crime for which he entered a plea of guilty on January 30, 1923.

It is the position of petitioner that the order of January

30, 1923, constituted a withholding of judgment for an indefinite period, and that the court was without jurisdiction to impose the judgment of September 17, 1926.

In the case of *In re Peterson*, 19 Ida. 433, 113 Pac. 729, 33 L. R. A., N. S., 1067, the defendant, on a plea of guilty, was adjudged to pay a fine and costs and be confined in the county jail for six months; and, on payment of the fine and costs, the judgment of imprisonment was suspended "until the further order of the court." It was held that the "defendant having been released upon the payment of the said fine and costs . . . . the court had no authority to commit the defendant to the county jail to serve out said imprisonment sentence . . . . "

Subsequent to the decision of the Peterson case, the legislature enacted what is generally referred to as the parole statute (C. S., secs. 9041 to 9047), providing, among other things, that on a conviction of certain offenses, of which grand larceny is one " . . . . the court may in its discretion, . . . . *withhold judgment on such terms and for such time as it may prescribe* . . . . " A reference to that portion of the order set forth shows that the court did not, on January 30, 1923, prescribe any terms or any time for withholding judgment, but unconditionally released the defendant from custody and indefinitely withheld the pronouncement of judgment. The parole statute undoubtedly requires that the terms on which, and time for which, judgment is withheld be made a part of the order in writing. It is apparent that, in the foregoing order, the court made no attempt to comply with the parole statute.

In *State v. Ensign*, 38 Ida. 539, 223 Pac. 230, this court said:

"The provisions of C. S., § 9041, relating to parole and suspension of sentence, must be exercised by the court at the time of the rendition of the judgment, and such parole or suspension of sentence must be included therein and become a part thereof, and cannot be invoked at a date subsequent thereto. The provisions of this section, however, were not complied with. The court, while clothed with jurisdiction,

did not exercise its discretion to suspend the execution of judgment, or withhold judgment on such terms and for such time as it might prescribe, but made and entered its final judgment, and after its jurisdiction ceased, erroneously sought to exercise the power of the board of pardons.''

Since the decisions in the Peterson and Ensign cases relate to the suspension of a sentence already entered, they are not strictly in point on the precise question here presented, to wit, the power to indefinitely withhold the pronouncement of judgment on a plea of guilty. However, those decisions indirectly sustain the proposition that the courts possess no such power, for, like the power to indefinitely suspend the execution of judgment, the power to indefinitely withhold the pronouncement of judgment is nothing more nor less than the power to perpetually prevent punishment, which the courts do not possess.

[1] Irrespective, however, of these decisions, a consideration of our statutes and the decisions of other courts has led us to the conclusion that, while the court, on a plea of guilty, may postpone the pronouncement of judgment for a reasonable time for a proper purpose, such as to enable it to examine the facts and circumstances with respect to the commission of the crime, and thereby determine the proper penalty to be imposed, it cannot indefinitely withhold the pronouncement of judgment, discharge the defendant, permit him to go his way, and three and a half years afterward hale him into court and enter such judgment as might have been originally pronounced    (8 R. C. L. 250; 16 C. J. 1291; *In re Flint*, 25 Utah, 338, 95 Am. St. 853, 71 Pac. 531; *In re Beck*, 63 Kan. 57, 64 Pac. 971; *State v. Sapp*, 87 Kan. 740, 125 Pac. 78, 42 L. R. A., N. S., 249; *Grundell v. People*, 33 Colo. 191, 108 Am. St. 75, 79 Pac. 1022; *People v. Kennedy*, 58 Mich. 372, 25 N. W. 318; *People v. Barrett*, 202 Ill. 287, 95 Am. St. 230, 67 N. E. 23, 63 L. R. A. 82; *State v. Hockett*, 129 Mo. App. 639, 108 S. W. 599; *Ex parte Bugg*, 163 Mo. App. 44, 145 S. W. 831; *Smith v. State*, 188 Ind. 64, 3 A. L. R. 999, 121 N. E. 829; *People v. Allen*, 155 Ill. 61, 39 N. E. 568, 41 L. R. A. 473.)

---

---

See, also, *Ex parte United States*, 242 U. S. 27, 37 Sup. Ct. 72, 61 L. ed. 129, L. R. A. 1917E, 1178; note to *State v. Abbott*, 33 L. R. A., N. S., 112; note to *Lucero v. McManus*, L. R. A. 1918C, 551; *Fuller v. State* (Miss.), 57 So. 6, 39 L. R. A., N. S., 242, and note; *Vinson v. State*, 16 Ala. App. 536, 79 So. 316; *Neal v. State*, 104 Ga. 509, 69 Am. St. 175, 30 S. E. 858, 42 L. R. A. 190.

[2]   The motive of the court, in indefinitely withholding judgment, was, without doubt, based entirely on what then appeared to be for the public good, but, if the court, under such circumstances, has power to pronounce judgment three and one-half years after the entry of a plea of guilty, the same thing could be done any number of years later.   The courts of this state do not possess such power.   Therefore, the judgment of September 17, 1926, under which petitioner is detained, was unauthorized by law and is void.

It is ordered that petitioner be discharged.

Budge, Taylor and T. Bailey Lee, JJ., concur.

Givens, J., dissents.