## FURROW v. UNITED STATES.
### No. 3092.

Circuit Court of Appeals, Fourth Circuit.
Jan. 17, 1931.

J. Raymond Gordon, of Charleston, W. Va., for appellant.

Louise Foster, Sp. Asst. to Atty. Gen. (James Damron, U. S. Atty., of Huntington, W. Va., on the brief), for the United States.

Before PARKER and NORTHCOTT, Circuit Judges, and WEBB, District Judge.

### PER CURIAM.

The judgment of the court below is affirmed on the authority of Hollandsworth v. United States, 34 F.(2d) 423, where will be found a full discussion by this court of the questions arising on the record in the present case. That appellant was fully advised as to the matters charged against him, which were alleged to constitute a violation of his probation, there can be no doubt, and while it would perhaps be the better practice to give one charged with a violation of probation notice in writing as to the charges against him,

yet in this case it is not necessary to decide the question as to whether the notice should be in writing, as the motion for a written notice of the charges came too late. Appellant and his counsel waited until the hearing was about to be entered into before making the motion for a written notice; the matter had been pending for some time; the day had been set for the hearing; motion had been made for continuance; the appellant had been notified by the United States attorney as to the charges against him, and clearly was not taken by surprise. He had every opportunity to defend himself as to the charges.

██ It is also apparent from the record that there was ample evidence to support the conclusion of the court below that appellant had violated the terms of his probation, and where there is such supporting evidence this court will not reverse such conclusion. Breese v. United States (C. C. A.) 203 F. 824; Frank v. United States (C. C. A.) 192 F. 864. Evidence of bad conduct may be sufficient for revoking probation, although such conduct does not prove commission of a new crime. Campbell v. Aderhold (D. C.) 36 F.(2d) 366.

Appellant was properly arrested under the statute (18 USCA § 725); had the hearing to which he was entitled; had actual notice of the charges against him; and there was sufficient evidence upon which to base the conclusion of the judge. The order of the court revoking probation and imposing sentence is therefore affirmed.