**UNITED STATES v. BUHLER.**

No. 2488.

District Court, M. D. Pennsylvania.

Dec. 31, 1942.

Frederick V. Follmer, U. S. Atty., of Scranton, Pa., and Herman F. Reich, Asst. U. S. Atty., of Sunbury, Pa., for the Government.

No appearance for defendant.

WATSON, District Judge.

The defendant was arraigned before Honorable Albert W. Johnson, one of the judges of this district, on May 9, 1934, and entered a plea of guilty to the charges contained in the indictment, and was thereafter placed on probation on Count three of the indictment. Subsequently, the defendant having violated certain laws of the United States of America, the sentence of probation on Count three of the indictment was revoked by order of the writer of this opinion with the knowledge and consent of Honorable Albert W. Johnson, and a prison sentence was imposed March 18, 1936. The defendant has filed his motion for an order setting aside that sentence.

The defendant is now confined in the federal institution at Springfield, Missouri. It is clear that this Court does not have jurisdiction of this case to entertain an application for a new trial or an application for a writ of habeas corpus. Therefore, the defendant's motion must be treated as a motion in the nature of an application for a writ of error coram nobis. United States v. Lynch, 3 Cir., 132 F.2d 111, decided November 27, 1942.

I have examined the defendant's motion with great care as well as the entire record of this case, and the record of a habeas corpus proceeding instituted in this court in connection with this case, and find nothing therein which would justify a hearing on this matter. The defendant's allegations with regard to statements made by me are untrue. I am convinced that the allegations of improper conduct occurring at or before the appearance of the defendant before Honorable Albert W. Johnson are also untrue and wholly imaginary. After the defendant's arraignment and sentence on March 9, 1934, this defendant appeared before Honorable Albert W. Johnson on three separate occasions without at any time indicating that anything occurred in the proceedings against him which was prejudicial except the extension of his prison sentence, which sentence was set aside upon his application for a writ of habeas corpus. In fact, in a communication addressed to the Court on September 15, 1934, by the defendant, there is not the slightest indication that he felt he had received anything but the fairest treatment.

I recall very clearly the trial of this defendant before me in 1936 on another charge, and the subsequent revocation of the sentence of probation. At that time, although given every opportunity to speak, the defendant did not complain of the occurrences, which he now alleges, at his former conviction. Therefore, the Court cannot but conclude that the present motion is based upon wholly imaginary facts concocted at leisure to fit the rules set forth by the courts in reported cases.

It is obvious that the defendant did not exercise reasonable diligence in asserting his claim, and that the delay was unreasonable to an extent that, for that reason among others, his motion should be denied.

It is my conclusion, therefore, that the defendant's motion is without merit both as to the facts therein alleged and as to the law. Accordingly, the motion must be denied.