**BUHLER v. PESCOR, Warden.**

No. 3566.

District Court, W. D. Missouri, W. D.

Dec. 6, 1945.

634

See also 48 F.Supp. 159.

Petitioner, pro se.

Sam M. Wear, U. S. Atty., and Sam O. Hargus, Asst. U. S. Atty., both of Kansas City, Mo., for respondent.

RIDGE, District Judge.

At a hearing on the writ of habeas corpus issued herein the following facts were developed:

May 7, 1934, in cause No. 8824, in the U. S. District Court for the Middle District of Pennsylvania, an indictment was returned against petitioner, charging petitioner in three counts with uttering, passing and possessing counterfeit notes of the Federal Reserve Bank of New York, in violation of Section 151, of the Criminal Code, Title 18 U.S.C.A. § 265. May 9, 1934, petitioner entered a general plea of guilty to said indictment before the Honorable Albert W. Johnson, one of the Judges of said District Court, who thereupon sentenced petitioner to the custody of the Attorney General of the United States for a period of one year on Count 1, six months on Count 2, to run consecutively; and sentence was suspended on Count 3, and petitioner placed on probation in the custody of U. S. Probation Officer for the Middle District of Pennsylvania for two years. After sentence, petitioner was presented to the Warden of the Northeastern Penitentiary, at Lewisburg, Pennsylvania, for service of said sentences. Said Warden refused to receive petitioner because neither sentence assessed by the Court on Counts 1 and 2, of the indictment, supra, were within the range of punishment permitting incarceration of convicted persons in said institution. Thereupon petitioner was confined in the Northern County Jail, Sunbury, Pennsylvania. May 17, 1934, while so confined, petitioner, in writing over his signature, petitioned the sentencing Court, and gave his consent for said Court, to change the sentence assessed on the First Count of the indictment from one year, to one year and one day, expressing to the Court his desire to serve the sentence so imposed on him "in a penitentiary rather than a county jail, * * * the sentence in all other respects to remain the same as originally entered on May 9th, 1934 and reserving the right to file any application or petition as to any other questions involved in said sentence as I (petitioner) may now have." On the same day petitioner was again taken before the sentencing Court and the original sentence was amended to show an amended sentence of one year and one day on Count 1, of said indictment, six months on Count 2, to run consecutively, and "sentence suspended on Count 3" and "petitioner placed on probation in the custody of Probation Officer Mid. Dist. Penna., for two years from this date." Petitioner thereafter was delivered to, and received by, the Warden of the U. S. Northeastern Penitentiary, for service of said amended sentence.

On July 28, 1934, petitioner filed in the U. S. District Court for the Middle District of Pennsylvania a petition for a writ of habeas corpus alleging, briefly stated, that the amended sentence under which he was then confined was illegal, because it increased the term of the original sentence imposed on him. Said habeas corpus proceeding was heard by Judge Johnson, above referred to, who, on September 8, 1934, ordered petitioner to be discharged from the custody of the Warden of the above penitentiary "but without prejudice to the right of the United States to take any lawful measures to have the petitioner sentenced in accordance with the law," for the crime charged in the indictment, supra. See Buhler v. Hill, D. C., 7 F.Supp. 857. Thereupon the United States District Attorney for the Middle District of Pennsylvania petitioned the Court for an order to produce petitioner for sentence on Count 3, of the above indictment. Capias was is-

sued, and petitioner was again, on September 18, 1934, brought before the Court, at which time petitioner was sentenced to six months on Counts 1 and 2, of said indictment, to run consecutively, and placed "on probation for two years on count three." Petitioner thereafter served the total one-year sentence so imposed upon him in the Lackawanna County Jail, at Scranton, Pennsylvania.

After his release from said jail, and within the original two-year probation period, petitioner was again indicted in the same U. S. District Court, for uttering, passing and possessing counterfeit coins in violation of 18 U.S.C.A. §§ 277, and 278, on six separate counts. On the last-mentioned indictment petitioner was arraigned before The Honorable Albert L. Watson, another of the Judges of the District Court for the Middle District of Pennsylvania. At a trial on said charge, petitioner conducting his own defense, was found guilty by jury verdict on all six counts.' After return of said verdict petitioner was sentenced by Judge Watson, to a total of six years and six days and to pay a total fine of six hundred dollars ($600). After said sentence was so imposed on petitioner the Probation Officer, for the Middle District of Pennsylvania, filed in said District Court an application for the revocation of the probation granted petitioner on September 18, 1934, in cause No. 8824, supra. Said application for revocation of probation was presented to the Honorable Albert W. Johnson, Judge, who, on the same day, ordered a bench warrant to be issued for petitioner. Under said warrant petitioner was brought before The Honorable Albert L. Watson, on March 18, 1936, at which time, Judge Watson entered an order as follows:

"Now, to wit, March 18, 1936, it appearing that the Court issued a warrant for the arrest of the Defendant, and said Defendant being a probationer has been brought before the Court; and it appearing that said Defendant, during the period of probation imposed September 18, 1934 on Count Three, did violate said probation by uttering, publishing and passing counterfeited coins, and by having in his possession with intent to pass other counterfeited coins, for which offenses he was tried and convicted by a jury on the 12th day of March, 1936, in the case of the United States of America v. Rudolph J. Buhler, alias R. E. Brandt, No. 9151 December Term, 1935, in this Court;

and it also appearing that the said Defendant did violate said probation imposed upon him in other respects; therefore

"The Court now revokes the probation imposed on Count Three upon said Defendant on the 18th day of September, 1934, and the Court will impose a sentence which might originally have been imposed.

"(signed) Albert L. Watson
"United States District Judge."

Thereafter, on the same day the following judgment and sentence was entered of record by Judge Watson, in cause No. 8824, in said District Court:

"And now, to wit, March 18, A.D.1936 the sentence of the Court is that you pay a fine to the United States of One Hundred ($100) dollars; on Count Three (3); that you be committed to the custody of the Attorney General of the United States or his authorized representative for confinement in the United States Northeastern Penitentiary for and during the term and period of Ten (10) years on Count Three (3); beginning on the expiration of or legal release from the sentence imposed upon you on March 12, 1936, in the case of United States of America v. Rudolph J. Buhler, alias R. E. Brandt, No. 9151 December Term, 1935 in this court; said sentence to be served consecutively with, and not concurrently with, said sentence imposed by this court March 12, 1936; and be subject to the same discipline and treatment as convicts sentenced by the Courts of the State; and while so confined therein you shall be exclusively under the control of the officers having charge of the said Penitentiary; and stand committed until those sentences be complied with, or until you shall be otherwise discharged by due course of law."

On September 20, 1934, petitioner was delivered into the custody of the Warden of the Northeastern Penitentiary at Lewisburg, Pennsylvania, under two commitments, for service of sentences totaling sixteen (16) years. Thereafter, by directive of the Attorney General of the United States petitioner was ordered transferred to the U. S. Penitentiary, at Atlanta, Georgia. Subsequently petitioner was transferred to the custody of respondent in the Medical Center for Federal Prisoners at Springfield, Missouri.

On August 21, 1942, petitioner filed a twenty-six page motion in the District Court for the Middle District of Pennsyl-

636

vania, entitled as follows: "Motion and Petition to Set Aside Judgment Imposed by Court of Lacked Jurisdiction upon Revocation of Probated Sentence Without a Hearing." Said motion, being treated as a writ of error *coram nobis,* was denied, on written opinion, by Judge Watson. United States v. Buhler, D. C., 48 F.Supp. 159. The points there made by petitioner are in the main tantamount to the ten grounds set up by him in the instant proceeding. During the hearing on the instant writ of habeas corpus petitioner stated in open court:

"Mr. Buhler: Your Honor, I want to repeat a motion that all the testimony just now be stricken from the record as immaterial to the case at issue. I am attacking the 10 year term, Your Honor, and not the procedure on the indictment 8824. All the testimony here given, Your Honor, under indictment of procedure on Counts 1 and 2 is absolutely irrelevant to the issue raised in the writ of habeas corpus on the 10 year term.

"The Court: Let me understand you. You are not making any point whatever with reference to anything that transpired in Case 8824 as to counts 1 and 2?

"Mr. Buhler: There is nothing in there. I am raising that the 10 year term is illegal and that there was not originally any conditions set on the probation to be violated and that there was no power there to be conferred upon any court to set that sentence aside. The statute prohibits any such imposition of sentence.

"The Court: So you are contending, let me understand thoroughly your position, that your present confinement is illegal because there was no reservation of power in the court under the probation granted on Count 3, in Case 8824, and therefore the Court had no authority to set aside that probation and impose a 10 year sentence. You are not questioning the power of the Court in 8824 to have granted you probation, originally on Count 3.

"Mr. Buhler: I question that. That was illegal according to the opinion in the Greenhaus case, where the Court in accordance with the decision by the Supreme Court rules that a sentence of probation with conditions of previous servitude is void.

"The Court: Let me understand exactly what you are contending with reference to that. Do I understand that because you were given a sentence on Counts 1 and 2 you contend the Court did not have jurisdiction to place you on probation on Count 3?

"Mr. Buhler: That is Point 1, Your Honor. Next, the same Count 3, the probation had no conditions specified of whatever nature, which was optionary for the Court, and therefore the Court found that there was no violation of Count 3, and therefore the Court did not specify any condition of whatsoever nature.

"The Court: Is there anything else that you are contending?

"Mr. Buhler: And for that simple reason the Court of original jurisdiction itself could not set it aside, much less another Court, and increase the sentence originally from two years to ten years and a fine of $100.00 that had no conditions of whatever nature.

"The Court: That is your contention?

"Mr. Buhler: That is my testimony. There is no alternative in the probation ruling that such an act is permitted.

"The Court: That is argument. All I wanted to do is just get your exact position.

"Mr. Buhler: That is it.

"The Court: All right. Your objection will be overruled, your motion will also be overruled.

"Mr. Buhler: I take an exception to the rulings."

██ By such statements, so made in open court, petitioner must be deemed to have abandoned all but three grounds by which he contends that his present incarceration is illegal. The grounds not so abandoned are:

"Seventh. The court lacked jurisdiction to place the defendant on probation on count three of indictment No. 8824, under which indictment the court imposed a sentence for imprisonment on counts one and two.

"Eight. The probated sentence was and is void and without force, because the court failed to specify some conditions as required under Section 724, of the Probation Act.

"Ninth. The Ten Year sentence is void, because imposed by a court, which had no jurisdiction either originally or inherent over the cause and person."

██ The substance of petitioner's first assignment is: Did the United States District Court for the Middle District of

Pennsylvania have authority to assess sentence, and order the commitment of petitioner, on Counts 1 and 2, of the indictment in cause No. 8824, supra, and grant probation on Count 3 thereof for a period of two years? From the very nature of the charges contained in the indictment it is manifest that three separate and distinct crimes are alleged therein. They are shown to have arisen out of the commission of three separate and unrelated criminal offenses. In Counts 1 and 2 it is charged that petitioner uttered and passed counterfeit obligations of the United States to two different individuals; Count 3 charges the possession of still another counterfeit obligation. The charges so made are of a completed offense and not the attempt to commit the same. Under such circumstances the Court, on petitioner's plea of guilty, had the authority to assess a penitentiary or jail sentence on Counts 1 and 2, of said indictment, and suspend sentence on Count 3 thereof. Weber v. Squier, 9 Cir., 124 F.2d 618, certiorari denied 315 U.S. 810, 62 S.Ct. 800, 86 L.Ed. 1209. To sustain his assertion that the Court did not have any such authority petitioner relies upon the case of United States v. Greenhaus, 2 Cir., 85 F.2d 116, 107 A.L.R. 630, in which a conviction was had on a number of counts of a single indictment, charging fraud and conspiracy to defraud. On all of such counts Greenhaus had been found guilty. Sentence was pronounced on some counts and sentence suspended and probation granted on others. The Second Circuit Court of Appeals held that such sentences were inconsistent, based on the reasoning in United States v. Murray, 275 U.S. 347, 48 S.Ct. 146, 72 L.Ed. 309. Judge Stephens, of the 9th Circuit Court of Appeals, in Weber v. Squier, supra, reviews the ruling of the Second Circuit Court of Appeals in the Greenhaus case and patently points out that the doctrine of the Greenhaus case appears to be overruled by the decisions of the Supreme Court of the United States in Cosman v. United States, 303 U.S. 617, 58 S.Ct. 527, 82 L.Ed. 1083, and Frad v. Kelly, 302 U.S. 312, 58 S.Ct. 188, 82 L.Ed. 282. Weber v. Squier, supra, authoritatively provides an affirmative answer to the first point raised by petitioner. We rule petitioner's first contention, as set forth, adversely to him.

Petitioner next contends that the probation granted on Count 3, of the indictment in cause No. 8824, supra, was void because it did not specify the terms and conditions of probation; hence the Court had no right to later revoke the same and impose a sentence upon said third count.

■■■ 18 U.S.C.A. § 724, provides that a trial court in proper instances shall have power "after conviction or after a plea of guilty or nolo contendere * * * to suspend the imposition or execution of sentence and to place the defendant upon probation for such period and upon such terms and conditions as they may deem best." The power to suspend a sentence and grant probation under said statute is wholly within the trial court's discretion. Elder v. United States, 9 Cir., 142 F.2d 199; Birnbaum v. United States, 4 Cir., 107 F.2d 885, 126 A.L.R. 1207; Evans v. District Judge of the United States Western District of Tennessee, 6 Cir., 12 F.2d 64. A suspended sentence and grant of probation is a privilege and not a matter of right in the party convicted. United States ex rel. Demarois v. Farrell, 8 Cir., 87 F.2d 957. When a trial Court grants such privilege to a person convicted of a crime the finality of the judgment of conviction is not thereby affected. Suspension of sentence has nothing to do with the question of the guilt of such person. His guilt is determined by the judgment of conviction. All that is affected by a suspended sentence is a stay of execution of the rigors of punishment that usually follow a judgment determining guilt. "Probation" is the status of a person released on a suspended sentence. "The considerations it involves are entirely apart from any re-examination of the merits of the litigation." Berman v. United States, 302 U.S. 211, 58 S.Ct. 164, 166, 82 L.Ed. 204.

In Burns v. United States, 287 U.S. 216, 220, 53 S.Ct. 154, 155, 77 L.Ed. 266, it is said:

"The Federal Probation Act, March 4, 1925, c. 521, 43 Stat. 1259, U.S.C., Tit. 18, §§ 724–727 (18 U.S.C.A. §§ 724–727), confers an authority commensurate with its object. It was designed to provide a period of grace in order to aid the rehabilitation of a penitent offender; to take advantage of an opportunity for reformation which actual service of the suspended sentence might make less probable. United States v. Murray, 275 U.S. 347, 357, 358, 48 S.Ct. 146, 72 L.Ed. 309; H.R.Rep. No. 423, 68th Cong., 1st Sess. Probation is thus conferred as a privilege, and cannot be demanded as a right. It is a matter of favor,

not of contract. There is no requirement that it must be granted on a specified showing. The defendant stands convicted; he faces punishment, and cannot insist on terms or strike a bargain. To accomplish the purpose of the statute, an exceptional degree of flexibility in administration is essential. It is necessary to individualize each case, to give that careful, humane, and comprehensive consideration to the particular situation of each offender which would be possible only in the exercise of a broad discretion. The provisions of the act are adapted to this end. It authorizes courts of original jurisdiction, when satisfied 'that the ends of justice and the best interests of the public, as well as the defendant, will be subserved,' to suspend the imposition or execution of sentence and 'to place the defendant upon probation for such period and upon such terms and conditions as they may deem best.'

"There is no suggestion in the statute that the scope of the discretion conferred for the purpose of making the grant is narrowed in providing for its modification or revocation. The authority for the latter purpose immediately follows that given for the former, and is in terms equally broad. 'The court may revoke or modify any condition of probation, or may change the period of probation.' There are no limiting requirements as to the formulation of charges, notice of charges, or manner of hearing or determination. No criteria for modification or revocation are suggested which are in addition to, or different from, those which pertain to the original grant. The question in both cases is whether the court is satisfied that its action will subserve the ends of justice and the best interests of both the public and the defendant. The only limitation, and this applies to both the grant and any modification of it, is that the total period of probation shall not exceed five years. Act of March 4, 1925, § 1 (18 U.S.C.A. § 724)."

▮▮▮▮ The power given to trial courts, by Section 724 supra, is the grant of a single power which authorizes an act by the Court, and the creation of a status, in proper instances, for persons who have been convicted of an offense. General conditions of probation are inherent in the act of suspending a sentence and placing a person on probation. Under our system of criminal procedure, as commonly understood, a person convicted of an offense, who is the recipient of such court action,

a priori, comprehends that it is conditional; that one such condition necessitates future conduct on his part that will lead to his rehabilitation and be the premise for his continued freedom from performance of punishment merited by his judgment of conviction. Though no terms of probation are stated in the order suspending sentence and granting probation, a person convicted of an offense remains subject to the imposition of sentence on his judgment of conviction. 18 U.S.C.A. § 725, provides in part:

"At any time *after the probation period, but within the maximum period for which the defendant might originally have been sentenced,* the court may issue a warrant and cause the defendant to be arrested and brought before the court. Thereupon the court may revoke the probation or the suspension of sentence, and may impose any sentence which might originally have been imposed." (Italics supplied.)

Such provision, of the Federal Probation Act, shows that Congress did not intend to limit the power of a trial Court to set aside the suspension of a sentence, as being dependent upon the terms and conditions of probation. The only limitation on the power of trial courts to revoke probation or vacate the suspension of sentence under Section 725, supra, is the exercise of a sound judicial discretion. An order of probation need not specify the conditions of probation. Archer v. Snook, D. C., 10 F.2d 567; Campbell v. Aderhold, D. C., 36 F.2d 366; United States ex rel. Grossberg v. Mulligan, 2 Cir., 48 F.2d 93; Dillingham v. United States, 5 Cir., 76 F.2d 35. Such conditions may be orally given by the Court. Campbell v. Aderhold, supra; Hollandsworth v. United States, 4 Cir., 34 F.2d 423. The probation officer for the Middle District of Pennsylvania testified at the instant hearing that petitioner was interviewed, after being placed on probation by an Assistant Probation Officer. The record is silent as to what instructions such Assistant Probation Officer gave petitioner at said interview, or whether general conditions of probation are in force in the Middle District of Pennsylvania by general order of Court. However, it must be presumed that such officer performed his duty in accordance with 18 U.S.C.A. § 727, and properly informed petitioner of the conditions of his probation. Be this as it may, it would not affect the legality of the subsequent action of the

Court revoking the probation and eliminating the suspension of sentence, as to Count 3, of the indictment in question. The record shows that sentence was suspended on said Count, and by whatever name such suspension is called the Court had the power to later set it aside and impose a sentence on petitioner on the charge to which he had pleaded guilty, at any time within fifteen years from the date of his conviction. Ex parte De Angelo, 6 Cir., 50 F.2d 847. Fifteen years is the maximum punishment authorized by Congress upon conviction of the offense charged in Count 3 of the indictment in cause No. 8824, supra. 18 U.S.C.A. § 265.

Within two years after the original sentence was suspended on said Count 3, petitioner was again convicted on six separate offenses against the laws of the United States. After these subsequent convictions petitioner was brought before the Court on a warrant issued in accordance with the provisions of 18 U.S.C.A. § 725. At said time his probation was revoked and petitioner was sentenced to ten years on said Count 3. Petitioner contends that he was not given a formal hearing on the application for revocation of his probation, and that the sentence thereafter imposed upon him was illegal, because, having been granted probation by one Judge of the United States District Court for the Middle District of Pennsylvania, his probation could not be revoked and sentence imposed upon him by a different Judge of said Court.

 There are two District Judges of the U. S. District Court for the Middle District of Pennsylvania. 28 U.S.C.A. § 1 (note). A United States District Court having more than one Judge is but a single Court. Actions are begun in that Court and not before a particular Judge thereof. Each Judge of said Court has jurisdiction over causes pending therein. A Judge of one branch of such Court may hear and determine a cause pending in another branch, or make orders in connection therewith, where a rule of Court, or necessity therefor, exists. Each Judge, when so acting, constitutes a District Court. Ackerson v. United States, 2 Cir., 15 F.2d 268. When a cause is pending before a particular Judge of such a Court, said Judge for the time being has exclusive jurisdiction thereover, but when a suit is ended, final judgment entered, and all proceedings relating to the case have ceased, the record

made in each cause belongs to the Court as a whole. In a criminal case, when, after final judgment a suspension of sentence is granted and a person is placed on probation, such person becomes a probationer of the Court as a whole, and not that of a particular Judge thereof. A proceeding to enforce a final judgment or conviction obtained in said Court may properly be heard by a Judge other than the one before whom such judgment or conviction was obtained.

 The record in this proceeding shows that on the day the petitioner was taken before the Court for hearing on the application for revocation of probation Judge Johnson (before whom he pleaded guilty and who suspended sentence and placed petitioner on probation) was engaged with other court matters. Thereupon petitioner, with the consent of Judge Johnson, was taken before Judge Watson, who heard said application and entered the order above set forth, revoking the probation previously granted petitioner. Petitioner's contention that he was not given a formal trial or hearing on said application for revocation of probation has no merit. Such applications are heard informally and in a summary manner. Burns v. United States, supra. The Court is not required to hear evidence on said application. Six days previous to the time said application was presented to Judge Watson, he had passed sentence on petitioner for six separate offenses committed during the period that said application revealed petitioner was under suspended sentence and had been granted probation in said District Court. Such facts were judicially known by Judge Watson. Such knowledge was sufficient cause for the entry of the order revoking probation. The order so entered by Judge Watson reveals that it was premised on such subsequent convictions. In accordance with 18 U.S.C.A. § 725, Judge Watson, after revoking said probation, sentenced defendant to a term of ten years on the third count of the indictment in question. The sentence so imposed was one "which might originally have been imposed" on conviction of the charge contained in said count. 18 U.S. C.A. § 265, supra.

The sentence so imposed by Judge Watson was to begin after service of the sentence imposed in cause No. 9151, of the United States District Court for the Middle District of Pennsylvania. Petitioner has

served the sentence so imposed upon him in cause No. 9151. He is now confined, and legally so, in the custody of respondent under the ten year sentence imposed on Count 3, in cause No. 8824, supra.

For the reasons aforesaid, petitioner is remanded to the custody of respondent for the service of the balance of said sentence.

It is so ordered.