## WHITEHEAD v. UNITED STATES.
### No. 10182.

Circuit Court of Appeals, Sixth Circuit.
May 29, 1946.

[9] 46 U.S.C.A. §§ 781–790.

No appearance for appellant.

W. E. Badgett, of Chattanooga, Tenn. (James B. Frazier, Jr., Otto T. Ault, and Ferdinand Powell, Jr., all of Chattanooga, Tenn., on the brief), for appellee.

Before HICKS, SIMONS and MARTIN, Circuit Judges.

SIMONS, Circuit Judge.

The appellant's grievance is the dismissal of his motion for the correction of an allegedly invalid sentence for lack of jurisdiction by the district court to entertain it. He asserts here, however, all the grounds upon which his claim of invalidity was based, and they present questions of law which govern the whole controversy and therefore require our decision.

In September, 1935, the appellant was indicted for three violations of the Dyer Act, 18 U.S.C.A. § 408. Upon pleas of guilty he was sentenced to three years imprisonment on each of two indictments, sentences to run concurrently, and upon the third, sentence was suspended and the appellant placed on probation. The period of probation was not specified in the sentence and its terms and conditions were to be governed by those prescribed by the Department of Justice. On July 20, 1938, the appellant was released from the federal penitentiary at Atlanta, from which date his probationary period began. On January 20, 1939, he pleaded guilty to other violations of the Dyer Act. Upon accepting the plea the court imposed a sentence of five years on each of several counts to run concurrently, and at the same time revoked the probation previously granted, because of a violation of its terms, and sentenced the appellant to an additional five years imprisonment to begin with the expiration of the last imposed sentence.

More than six years later, on October 3, 1945, the appellant moved in the district court that the sentence imposed upon revocation of his probation, be set aside, claiming the judgment to be void for want of jurisdiction in that he had never been properly placed on probation within the meaning of the Probation Act, 18 U.S.C.A. § 724 et seq. On October 8, 1945, the court dismissed the motion because of lack of jurisdiction, and from its order of dismissal this appeal was taken.

The court was empowered to entertain the motion to set aside the sentence on the ground of invalidity. Waldron v. United States, 6 Cir., 146 F.2d 145. Compare Holiday v. Johnston, 313 U.S. 342, 550, 61 S.Ct. 1015, 85 L.Ed. 1392, with United States v. Mayer, 235 U.S. 55, 35 S.Ct. 16, 59 L.Ed. 129. See also Gilmore v. United States, 10 Cir., 124 F.2d 357; Gargano v. United States, 9 Cir., 140 F.2d 118; Bowen v. United States, 5 Cir., 134 F.2d 845; Miller v. United States, 5 Cir., 128 F.2d 519; Garrison v. Reeves, 8 Cir., 116 F.2d 978; Meyers v. United States, 5 Cir., 116 F.2d 601. The meritorious questions upon which the motion was based nevertheless call for decision.

The appellant's principal contention is that the probation was void under the statute, because of the indefiniteness of its duration, because no terms and conditions of probation were incorporated in the sentence and because he was never taken under the supervision of the probation officer. The short answer to that contention is that if the probation sentence was a nullity the appellant was never sentenced under the third of the earlier series of indictments, and that the sentence subsequently imposed thereon was valid. There was, however, no invalidity in the sentence placing the appellant on probation. Hollandsworth v. United States, 4 Cir., 34

F.2d 423. Section 1 of the Probation Act, 18 U.S.C.A. §§ 724 to 727, expressly directs the judge, when exercising the power to suspend sentence and place the defendant upon probation, to fix such terms and conditions as he may deem required. Fixing the terms and conditions of probation is a judicial act which may not be delegated. This does not mean, however, that the court may not adopt and incorporate into a sentence terms and conditions of probation, recommended to it by an administrative agency of the government, and to impose such further terms and conditions as to it may seem best. Undoubtedly it is the better practice for the court to announce specifically the terms and conditions under which probation is granted. It is, however, universal practice, everywhere understood, that the minimum requirement for the continuance of judicial grace is that the defendant shall not, during the probationary period, again commit a felony. This, every defendant undoubtedly understands when seeking or accepting probation. Without such condition the very term "probation" is meaningless, and the appellant does not contend that he was in any doubt as to it being a condition of the grant. Certainly, the appellant knew that he could not commit another crime and retain his probationary status. The case would bear a different aspect had the appellant's probation been revoked for some minor infraction of the terms or conditions upon which probation was based.

■ The contention that the probation was invalid because of its indefinite duration, must also be rejected. While it is undoubtedly better practice for the sentence to incorporate specifically the period of probation, it is beyond the power of the court to impose probation for a period beyond the term for which a maximum sentence could have been imposed. Frad v. Kelly, 302 U.S. 312, 58 S.Ct. 188, 82 L.Ed. 282; Miller v. Aderhold, 288 U.S. 206, 53 S.Ct. 325, 77 L.Ed. 702. This sets a definite limit to the probationary period. The contention of the appellant that the minimum requirements of procedural due process were not observed when his probation was revoked, is likewise without merit. It is true that a probationer may not be arrested and immediately transported to the penitentiary for imprisonment without being brought before a court. Escoe v. Zerbst, 295 U.S. 490, 55 S.Ct. 818, 820, 79 L.Ed. 1566. There it was said, "Clearly the end and aim of an appearance before the court must be to enable an accused probationer to explain away the accusation. The charge against him may have been inspired by rumor or mistake or even downright malice. He shall have a chance to say his say before the word of his pursuers is received to his undoing. This does not mean that he may insist upon a trial in any strict or formal sense. Burns v. United States, supra, 287 U.S. 216, at pages 222, 223, 53 S.Ct. 154, 77 L.Ed. 266. It does mean that there shall be an inquiry so fitted in its range to the needs of the occasion as to justify the conclusion that discretion has not been abused by the failure of the inquisitor to carry the probe deeper."

■ The appellant was before the court. He was there, while on probation, to answer to an indictment charging him with the commission of another felony. His answer was a plea of guilty. He had had his say. He makes no contention that the plea was inadvertently or mistakenly given, and did not then and does not now protest his innocence. Proof of violation of inescapable probationary conditions was voluntary, complete and conclusive.

Affirmed.