32611. ALEWINE *v.* THE STATE.

Decided July 15, 1949. Rehearing denied July 28, 1949.

780

*Tom Lee Horne,* for plaintiff in error.

*Preston M. Almand, Solicitor,* contra.

GARDNER, J. The defendant calls our attention to Code, § 27-2705, dealing with the question of delinquent probationers and revocation of the sentences of the court. The defendant also cites *Wood* v. *State,* 68 *Ga. App.* 43 (21 S. E. 2d, 915). That case is cited, as counsel states, "for the principles of the law of probation in what is commonly referred to as suspended sentences." Counsel also calls to our attention the case of *Allen* v. *State,* 78 *Ga. App.* 526, 530 (51 S. E. 2d, 571), and quotes from that case as follows: "The statute guarantees to the probationer the right to due examination by the court before the probation sentence may be revoked. See *Roberts* v. *Lowery,* 160 *Ga.* 494 (2) (128 S. E. 746); *Johnson* v. *Walls,* 185 *Ga.* 177

(194 S. E. 380). Such due examination means that the proba-tioner be given notice and an opportunity to be heard upon the question of whether he has, by his conduct, committed acts authorizing the court to revoke his probation. This right would indeed be rendered impotent if the court be permitted, after hearing the evidence, to revoke the probation on mere suspicion; especially where there is positive and uncontradicted testimony by unimpeached witnesses absolving the defendant of the slightest culpable conduct. If the rule were otherwise than as here expressed, there would be no occasion for such due examination." It is the contention of counsel, after quoting the above, that in the instant case there was no direct evidence of the violation of any State statute, and there was uncontradicted evidence by two unimpeached witnesses that the defendant had not violated any State or Federal statute. It is further contended by counsel that the defendant was not given notice and an opportunity to be heard upon the question of revocation of the probation sentence, because, upon the afternoon of May 16, 1949, the Judge of the City Court of Athens questioned the defendant in his private office without giving the defendant the benefit of counsel or without advising the defendant of the legal rights of the defendant; and that the facts, as set forth in the evidence in the prepared statement of the Judge of the City Court of Athens, show that the defendant was deprived of his legal right to notice and hearing on the question of revocation. We cannot agree with this contention. The statement signed by the Judge of the City Court of Athens shows no reason why we should reverse his judgment in revoking the probation sentence. The facts do not, in our opinion, show that the judge abused his discretion. In such a case as the one at bar, the judge is the trior of the facts and has a very wide discretion and, unless a manifest abuse of such discretion on the part of the lower court appears, this court will not interfere. See *Olsen v. State*, 21 *Ga. App.* 795 (95 S. E. 269), and *Brown* v. *State,* 71 *Ga. App.* 303 (30 S. E. 2d, 783), as to this question. This court held in *Allen* v. *State,* supra, cited by counsel for the State, in addition to what we have heretofore quoted, as follows: "To sustain an order revoking a probation, evidence need only to be sufficient to satisfy the judge that the defendant has violated

the probation. . . Although slight evidence will support a judgment of revocation of probation, some evidence is required."

Under this record, the court did not err in revoking the probation sentence of the defendant.

*Judgment affirmed. MacIntyre, P. J., and Townsend, J., concur.*