253 P.2d 794

**Ex parte MEDLEY.**

No. 7964.

Supreme Court of Idaho.

Feb. 17, 1953.

Vernon K. Smith, Boise, for appellant.

Robert E. Smylie, Atty. Gen., Edward J. Aschenbrener, Leonard H. Bielenberg, Assts. Atty. Gen., and Blaine F. Evans, Pros. Atty., Boise, for respondent.

THOMAS, Justice.

This is an original proceedings in this court for a writ of habeas corpus, seeking release and discharge of petitioner from the penitentiary and the restoration of his freedom, and arises out of the following basic facts:

The petitioner was charged with the commission of the offense of grand larceny and was arraigned before the district court of the Third Judicial District of Idaho, in and for the County of Ada, on June 27, 1952, at which time he waived the time to plead and thereupon entered a plea of guilty. On the same date petitioner was examined as witness on his own behalf and for the information of the court by his counsel, who is not counsel for him in the present proceedings. His counsel also made a statement on behalf of petitioner.

At that time, upon application of the petitioner, the court, without making any adjudication of guilt, referred the case to the Board of Correction for pre-sentence investigation and report.

On July 18, 1952, petitioner appeared in court which, after considering the written report of the State Board of Correction, thereupon entered its order withholding judgment until the opening day of the September term of court for the year 1954. Such order released the custody of petitioner to the State Board of Correction to be by said Board released upon probation "upon such terms and conditions as said Board and its duly authorized agents deem proper and prescribe, the Court hereby expressly reserving the right to extend or terminate the period of suspension or withholding of judgment herein". The order further set forth that upon expiration of the period of suspension of judgment as fixed, or the earlier termination thereof,

and upon written showing by or on behalf of petitioner that he had fully complied with the terms of his probation, the action should be dismissed.

On November 25, 1952, the prosecuting attorney filed a motion, supported by an affidavit of the parole officer, seeking the issuance of a bench warrant for the rearrest of petitioner for the reason that petitioner had allegedly violated the order withholding judgment by failing to refrain from further association with a certain woman.

Upon the same day, after considering the motion and supporting affidavit, the court issued an order terminating the order withholding judgment and commanded the issuance of a bench warrant for the arrest of petitioner and that he be brought before the court for pronouncement of judgment.

On the following day petitioner was arrested, contacted his present attorney who immediately filed a statutory affidavit of prejudice to disqualify the district judge, who had presided during all the previous proceedings herein set forth, from further acting or proceeding in the matter. During the same day and later that afternoon, petitioner came into court with counsel at which time the court openly reviewed and set forth all the proceedings originally taken, commencing with the arraignment of petitioner. The court thereupon again considered the motion previously made, granted the same and terminated the order with-

holding judgment. During such review the court stated that at the time the order withholding judgment was entered, the wife of petitioner was in the court with petitioner who was then expressly admonished to keep away from a particular woman (the one referred to in the affidavit of the parole officer), to return to his home and attempt a reconciliation with his wife; the court further observed that in the meantime petitioner had been arraigned on the charge of kidnapping the woman he was ordered to refrain from having association or contact with, and thereupon advised and informed petitioner that he was now at this particular time before the court upon the original charge of grand larceny. He then asked petitioner if he had any legal cause to show why judgment should not be pronounced against him.

Petitioner thereupon admitted to the court that he had contacted the woman and attempted to explain and justify such association. Following such brief explanation, the court again asked petitioner if he had any legal cause to show why judgment should not be pronounced. He made no response to this inquiry but his counsel thereupon stated that his single, sole and only purpose in appearing in behalf of petitioner was for the purpose of having the record show that a statutory affidavit of prejudice had been filed in the action and for the court to make some ruling on such affidavit. The relief sought by counsel was denied and the court pronounced judgment, adjudging the petitioner guilty of the crime of grand larceny, and sentenced him to a term of not more than 14 years in the state prison of the State of Idaho.

It is the contention of petitioner that he should be discharged and released from custody for the following reasons:

(a) That the filing of the statutory affidavit of prejudice immediately upon receiving notice of the pending proceedings and before any matter in relation thereto was submitted for decision and before the petitioner was formally and finally convicted and adjudged guilty, disqualified said judge to proceed further in the matter.

(b) That the court was without jurisdiction to place the petitioner on probation following a plea of guilty without first adjudicating such guilt, and such order withholding judgment for such reason is a nullity and petitioner is entitled to his freedom.

(c) That the order withholding judgment is a nullity because it did not contain specific terms and conditions of the probation.

(d) That the order terminating the probation is a nullity because the petitioner, having a vested right in his probation, the same cannot be terminated otherwise than by some recognized judicial procedure which includes notice of the alleged charges, and an opportunity to be heard and

·confronted with witnesses and to submit evidence in his own behalf.

(e) That the court relinquished and abandoned its jurisdiction to enter judgment for the reason that it did not at the time of the plea of guilty, or within a reasonable time thereafter, adjudicate the guilt of petitioner and impose sentence, but released petitioner without terms and conditions for an unreasonable length of time.

 A judge may be disqualified in certain cases where a party litigant makes and files a statutory affidavit of prejudice before any contested matter in relation to such litigation has been submitted for decision to such judge sought to be disqualified; no such statutory affidavit, however, may be filed in any case after any contested matter in relation to such litigation has been submitted for decision to such judge sought to be disqualified. In this case, as disclosed by the facts heretofore related, the statutory affidavit of prejudice comes too late. Petitioner had entered a plea of guilty and placed himself at the mercy of the court and then sought and was granted clemency. A contested matter in relation to the litigation had been submitted to the judge whom petitioner sought to disqualify prior to the filing of the statutory affidavit of prejudice. Sec. 1–1801, I.C., as amended, S.L.1951, c. 52; State v. Garcia, 47 N. M. 319, 142 P.2d 552, 149 A.L.R. 1394.

 The contention that the court was without jurisdiction to place petitioner on probation following a plea of guilty without first adjudicating such guilt is without merit. The statute, Sec. 19–2601, I.C., as amended, S.L.1949, c. 117, expressly provides that where a person enters the plea of guilty to certain crimes including the one involved herein, the court may, in its discretion, withhold judgment and put the defendant on probation. This procedure was followed by the court. The statute does not require that the court must first adjudicate the guilt of defendant. The obvious and commendable objective of the Act which seeks in a proper case to avoid the stigma of a judgment of conviction would be in major part defeated if the contention of petitioner is accepted. To withhold judgment after a plea of guilty protects the defendant at that time against the stigma of a conviction which may be forever avoided should the defendant conform to its terms and conditions. This creates, and rightfully so, a hope in the heart of the accused that he may ultimately be released under an order of probation without the stigma of a judgment of conviction. This is an incentive for complete rehabilitation and reform, one of the salutary objectives of the Act.

It is urged that the terms and conditions of the probation must be set forth in the order, otherwise such order is of no force or effect and is a nullity. Sec. 19–2601, I. C., as amended S.L.1949, c. 117, provides in pertinent part as follows:

480

"19-2601. Parole.—Whenever any person shall have been convicted, or enter a plea of guilty in any District Court of the State of Idaho, of or to any crime against the laws of the State, except those of treason or murder, the court may, in its discretion, * * * suspend the execution of the judgment, or withhold judgment on such terms and for such time as it may, * * * prescribe and may put the defendant on probation in charge of some proper person selected and designated by the court for that purpose, and make such orders relative thereto as the Court in its sound discretion deems necessary and expedient."

The statute expressly directs the district judge when exercising his statutory power within his sound discretion, to prescribe such terms and make such orders in relation thereto as the court in its sound discretion deems necessary and expedient. Hence, it appears that it is the duty of the judge at the outset to inform the defendant as to the conditions and terms of his probation and to instruct and advise him as to the conduct expected on his part. While great latitude is vested in the judge in these respects in that he may fix such terms and conditions as he in his sound discretion deems necessary and expedient, yet there must be terms and conditions set forth. This court has held that the statute requires that the terms upon which judgment is withheld be made a part of the order in writing. In re Grove, 43 Idaho 775, 254 P. 519. A similar federal probation act, 18 U.S.C.A. § 3651, formerly 18 U.S.C.A. § 724 et seq., has inferentially received a like construction. Williams v. Hunter, 10 Cir., 165 F.2d 924; Whitehead v. United States, 6 Cir., 155 F. 2d 460; United States ex rel. Grossberg v. Mulligan, 2 Cir., 48 F.2d 93; Hollandsworth v. United States, 4 Cir., 34 F.2d 423; Campbell v. Aderhold, D.C., 36 F.2d 366; Archer v. Snook, D.C., 10 F.2d 567; Buhler v. Pescor, D.C., 63 F.Supp. 632. See also Commonwealth v. McGovern, 183 Mass. 238, 66 N.E. 805.

It is true that while the order of probation provided that petitioner be placed upon probation until the September term of court, 1954, the court erroneously failed to set forth within the order any terms or conditions of the probation, as this court has previously held it is directed by the statute to do, and as the federal cases cited above have held is directed under the federal statute. However, the pointed inquiry is whether the failure to so include such terms and conditions operates to nullify such order.

In the record before this court it is disclosed that when the petitioner was arrested upon a bench warrant and brought before the court, it was shown by the remarks of the presiding judge and the admissions of petitioner that he was orally informed, prior to the entry of the proba-

tion order, as to the matter of at least one condition of the order and that he had violated it; moreover, the same record discloses that while petitioner was asked if he had any reason why judgment should not be pronounced against him, he tacitly admitted there was no reason to further withhold the pronouncement of judgment. Further in this respect, he was represented by counsel who, prior to the pronouncement of judgment and sentence, informed the court that said counsel appeared for the single, sole and only purpose of having the record show that a statutory affidavit of prejudice had been filed in the action and for the court to make some ruling on such affidavit. In the light of this record, we cannot assume that the court failed in its statutory duty to inform petitioner at the beginning of the terms and conditions of his probation. From the record it appears that petitioner does not make any claim he was not given this information nor did he then, nor does he now, deny that he failed to comply but, on the contrary, it appears from his own statements that he had ignored at least one condition. If one or more of the conditions have been violated, or for any cause satisfactory to the court, it may issue a warrant for the rearrest of defendant, have him brought before the court, revoke probation and pronounce the judgment which it could have pronounced originally. Secs. 19–2602 and 19–2603, I.C.

In this respect, petitioner's only contention is that the entire proceedings were a nullity because such terms and conditions imposed were not incorporated in the written order. Since it is clear that he was informed of such conditions and the course of conduct expected of him in this respect, accepted such clemency, and acted thereunder, the failure to include such condition in the order did not operate in anywise to the injury or prejudice of petitioner. The failure to so include the conditions and terms in the order is condemned. There are instances where such practice would be fatal. Here it is obviously irregular and erroneous but for the reasons above set forth does not operate to nullify the order under the facts disclosed by the record. Williams v. Hunter, 10 Cir., 165 F.2d 924; Whitehead v. United States, 6 Cir., 155 F.2d 460; United States ex rel. Grossberg v. Mulligan, 48 F.2d 93; Hollandsworth v. United States, 4 Cir., 34 F.2d 423; Campbell v. Aderhold, D.C., 36 F.2d 366; Archer v. Snook, D.C., 10 F.2d 567; Buhler v. Pescor, D.C., 63 F.Supp. 632.

The holding in this respect is not out of harmony with In re Grove, supra, as it may readily be distinguished on the record. In the Grove case, the petitioner was released indefinitely and not for a specified term and without any conditions, either written or oral, and this court held that under such record the district court had abandoned and relinquished jurisdiction to proceed further. Under the record in the instant case there appears nothing from which it may be inferred that the court abandoned its juris-

482

diction; in fact, the converse clearly appears in the order, the court "expressly reserving the right to extend or terminate the period of suspension or withholding of judgment"; furthermore, in the Grove case the court recognized the authority of the district court on a plea of guilty to postpone the pronouncement for proper purpose, but found that no proper purpose, or any purpose whatever, was set forth in the order or otherwise disclosed; the order simply set forth that the pronouncement of sentence at that time was withheld and the defendant released upon his own recognizance and his bondsmen exonerated; if there were any conditions or terms of probation orally given to petitioner, the record failed to so disclose.

Petitioner's contention that he is entitled to a formal hearing in accordance with well recognized and established rules of procedure because he has a vested, substantial right in the probation, is not sustained by the prevailing weight of authority and is without merit. The authority to revoke the probation does not even depend upon his violation of any of the terms or conditions of the order; the court may, upon proof, "for any other cause satisfactory to the court", issue a bench warrant for the re-arrest of the defendant, Sec. 19–2602, I.C., and, when brought before the court where judgment has been withheld, pronounce such judgment as it could have originally pronounced, Sec. 19–2603, I.C.; furthermore, such powers may be exercised at chambers. Sec 19–2605, I.C.

In Idaho, as well as in a majority of the states and also the federal courts, upon a plea of guilty, the defendant may be then adjudged guilty and immediately sentenced. Under such statutes, it is only the clemency and mercy of the law which gives him probation, not as a matter of right but as grace or favor. State v. O'Dell, 71 Idaho 64, 225 P.2d 1020; People v. Dandy, 106 Cal.App.2d 19, 234 P.2d 61; State v. Farmer, 39 Wash.2d 675, 237 P.2d 734; see also the federal and state cases cited below.

To violate the terms and conditions of probation does not necessarily constitute a crime in itself nor is it so treated; it is a breach of the obligation of probation; the probationer cannot demand nor is he entitled to a formal hearing as in a judicial proceeding but such hearing may be informal and summary in jurisdictions where probation is not a right but a matter of grace or favor unless specifically otherwise provided by statute. Escoe v. Zerbst, 295 U.S. 490, 55 S.Ct. 818, 79 L.Ed. 1566; Burns v. United States, 287 U.S. 216, 53 S.Ct. 154, 77 L.Ed. 266; United States v. Lowe, 2 Cir., 173 F.2d 346; Whitehead v. United States, 6 Cir., 155 F.2d 460; United States v. Moore, 2 Cir., 101 F.2d 56; United States v. Van Riper, 2 Cir., 99 F.2d 816; Dillingham v. United States, 5 Cir., 76 F.2d 35; Moss v. United States, 4 Cir., 72 F.2d 30; Furrow v. United States, 4 Cir., 46 F.2d 647; Buhler v. Pescor, D.C., 63 F. Supp. 632; Ex parte Cook, 67 Cal.App.2d

20, 153 P.2d 578; People v. Silverman, 33 Cal.App.2d 1, 92 P.2d 507; People v. Blankenship, 16 Cal.App.2d 606, 61 P.2d 352; People v. Fields, 131 Cal.App. 56, 20 P.2d 988; Varela v. Merrill, 51 Ariz. 64, 74 P.2d 569; Ex parte Boyd, 73 Okl.Cr. 441, 122 P.2d 162; State v. Uttke, 60 N.D. 377, 234 N.W. 79; People v. Hodges, 231 Mich. 656, 204 N.W. 801; Brozosky v. State, 197 Wis. 446, 222 N.W. 311; People v. Hill, 164 Misc. 370, 300 N.Y.S. 532; State v. Pascal, 1 N.J. 261, 62 A.2d 882; Alewine v. State, 79 Ga.App. 779, 54 S.E.2d 507; Sparks v. State, 77 Ga.App. 22, 47 S.E.2d 678; Alvarez v. State, 50 Fla. 24, 39 So. 481; State v. Miller, 122 S.C. 468, 115 S.E. 742; Slayton v. Commonwealth, 185 Va. 357, 38 S.E.2d 479.

■ It appears affirmatively by the record that petitioner was present with counsel when his probation was revoked and judgment and sentence pronounced, and that he was fully and fairly informed as to the nature and purposes of the proceedings, and he was asked if he had any reason why judgment should not be pronounced; it further appears that he testified briefly and was not denied the opportunity to adduce other or further evidence in his behalf, if other he had. He sought no extension of time to prepare other or further evidence but, on the contrary, he was content to ask only the statutory disqualification of the presiding judge which was properly, and for the reasons heretofore set forth, denied; the treatment accorded petitioner under the showing was fair, and the action taken was not arbitrary but within the sound judicial discretion of the court; from the record it affirmatively appears that petitioner was given a hearing within the contemplation of the statute.

Finally, it is asserted that the court below relinquished and abandoned its jurisdiction to enter judgment and impose sentence. His claim is predicated primarily upon the proposition that an unreasonable time elapsed between the plea of guilty and the adjudication of guilt and the imposition of sentence.

■ The several sections of the probation statute disclose a legislative intent to give the district court supervisory power over the probationer. The period of probation could have been for the maximum period for which petitioner might have been imprisoned or for a lesser, but not for a greater, period. State v. Eikelberger, 71 Idaho 282, 230 P.2d 696; 24 C.J.S., Criminal Law, § 1571, p. 55. The time here was well within the maximum period.

■ The court has power in the exercise of its discretion to withhold judgment for a reasonable time for any purpose and, where this is done, jurisdiction is retained during the period of probation; on the other hand, the power of the court to indefinitely suspend the pronouncement of sentence or the withholding of judgment is denied, and when a court makes an order withholding judgment indefinitely it has,

484

for all practical purposes, lost jurisdiction to proceed further. In re Grove, 43 Idaho 775, 254 P. 519.

 The petitioner relies strongly on the decision in the case of In re Grove, supra, to support his contention that the court below relinquished and abandoned its jurisdiction. The instant case is readily distinguishable on its facts from the Grove case. In that case the withholding of judgment was not for a reasonable time but for an indefinite period without purpose or condition; moreover, the defendant was unconditionally released upon his own recognizance and his bondsmen exonerated. Some three and one-half years later he was brought back into court and sentenced for the original crime. This, the court held could not be done. In that case there was no reservation of jurisdiction for any further action but, in fact, a relinquishment or an abandonment of jurisdiction to proceed further. In the instant case the withholding of judgment was for a reasonable and definite period, that is, until the September term of court, 1954, at which time the petitioner could be fully discharged and the action dismissed upon compliance with the terms of probation; the withholding of judgment was not without purpose but for a proper purpose, that is, to place the petitioner on probation with the specific reservation of jurisdiction for the purpose of extending or terminating the withholding of judgment; it was definite and reasonable both as to the time and purpose. There was no unreasonable delay either in the termination of the probation or the pronouncement of judgment; all such actions were taken well within the time authorized by the statute.

The petition is denied and petitioner remanded to the custody of the warden of the penitentiary.

PORTER, C. J., and GIVENS, TAYLOR and KEETON, JJ., concur.