179 P.3d 1059

**UNITED STATES of America,
Plaintiff–Appellant,**

v.

**Douglas SHARP, Defendant–Respondent.**

No. 34092.

*Supreme Court of Idaho,*
Boise, January 2008 Term.

Jan. 25, 2008.

Brett L. Tolman, United States Attorney, District of Utah, Salt Lake City, Utah, for appellant. Elizabethanne Stevens argued.

Steven B. Killpack, Utah Federal Public Defender, Salt Lake City, Utah, for respondent. Scott K. Wilson argued.

EISMANN, Chief Justice.

We have accepted the following question of law certified by the United States District Court for the District of Utah, Northern Division: "Does an outstanding withheld judgment based on a guilty plea qualify as a conviction under Idaho law?" We answer the question in the affirmative.

### I. FACTS AND PROCEDURAL HISTORY

On December 23, 1997, Douglas Sharp pled guilty to felony burglary in the State of Idaho. At the sentencing hearing on February 13, 1998, the district court granted Sharp a withheld judgment and placed him on probation for three years. The conditions of

probation included that Sharp pay fines, court costs, and restitution, and that he not possess a firearm.

Sharp successfully completed his probation, but did not move to have his guilty plea set aside and his case dismissed pursuant to Idaho Code § 19–2604(1).[1] About five years after Sharp's probation terminated, he possessed a firearm in the State of Utah. As a result, he was charged in the United States District Court in the District of Utah with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). The case in which Sharp received a withheld judgment in Idaho is the predicate felony for the federal charge.

## II. ANALYSIS

As it is ordinarily used, the term "conviction" means the establishing of guilt either by a plea of guilty or by a finding of guilt following a trial. *State v. O'Dell*, 71 Idaho 64, 68, 225 P.2d 1020, 1022 (1950). "Generally, 'judgment' and 'sentence' follow 'conviction' as separate and distinct aspects of criminal process." *State v. Chauncey*, 97 Idaho 756, 757, 554 P.2d 934, 935 (1976). That is the meaning of the term as it is used in the relevant criminal statutes.[2]

Idaho Code § 18–109 defines a public offense as an act or omission in violation of a law which, "upon conviction," may be punished by death, imprisonment, fine, removal from office, or disqualification to hold and enjoy any office of honor, trust or profit in this State. Idaho Code § 19–101 provides, "No person can be punished for a public offense except upon a legal conviction in a court having jurisdiction thereof." Idaho Code § 19–109 states, "No person can be convicted of a public offense unless by the verdict of a jury, accepted and recorded by the court, or upon a plea of guilty. . . ." Thus, a conviction occurs "by the verdict of a jury . . . or upon a plea of guilty" and it must precede punishment. If the word "conviction" meant a judgment of conviction, it could not precede punishment because a judgment of conviction includes the punishment. *See State v. Pedraza*, 101 Idaho 440, 614 P.2d 980 (1980) (where judgment was pronounced, execution of the sentence suspended, and the defendant was placed on probation, upon revocation of probation the defendant could not be resentenced); I.C.R. 33(b) ("The judgment of conviction shall set forth the plea, the verdict or findings, and the adjudication and sentence").

In *State v. Wagenius*, 99 Idaho 273, 581 P.2d 319 (1978), we addressed whether defendants granted withheld judgments had convictions enabling them to be punished. *Wagenius* involved two consolidated appeals. In one, the defendant had pleaded guilty and been granted a withheld judgment which included a requirement that she spend thirty days in jail. In the other, the defendant had been found guilty following a court trial and had been granted a withheld judgment which included a requirement that he pay a fine. We held that each of them had a legal conviction and therefore could be punished.

We conclude that for purposes of I.C. § 19–101 conviction occurs when a verdict or plea of guilty is accepted by the court. Accordingly, where a verdict or plea of

---

1. That statute provides as follows:

    If sentence has been imposed but suspended, or if sentence has been withheld, upon application of the defendant and upon satisfactory showing that the defendant has at all times complied with the terms and conditions upon which he was placed on probation, or has successfully completed and graduated from an authorized drug court program or mental health court program and has at all times complied with the terms and conditions of probation during any period of probation that may have been served following such graduation, the court may, if convinced by the showing made that there is no longer cause for continuing the period of probation, and if it be compatible with the public interest, terminate the sentence or set aside the plea of guilty or conviction of the defendant, and finally dismiss the case and discharge the defendant; and this shall apply to the cases in which defendants have been convicted and granted probation by the court before this law goes into effect, as well as to cases which arise thereafter. The final dismissal of the case as herein provided shall have the effect of restoring the defendant to his civil rights.

2. In some statutes, the word "convicted" refers to being found guilty following a trial. For example, Idaho Code § 19–3921 provides, "When the defendant pleads guilty, or is convicted either by the court or by a jury, the court must render judgment thereon of fine or imprisonment, or both, as the case may be: . . . ."

guilty has been accepted by the court but judgment on that plea or verdict has been withheld, § 19–101 does not preclude the imposition of criminal punishment, fines and imprisonment, as conditions of that withheld judgment.

99 Idaho at 278, 581 P.2d at 324. In the instant case, Sharp was ordered to pay a fine as a condition of his probation. That could not have happened unless he had a legal conviction.

We have previously recognized that there is a narrower definition of "conviction" that means a judgment of conviction. For example, in *State v. O'Dell,* 71 Idaho 64, 68, 225 P.2d 1020, 1022 (1950), the Court stated, "In a more technical, legal sense, conviction means the final conclusion of the prosecution against the accused, including the judgment and sentence rendered pursuant to a verdict or plea of guilty, and it is frequently used to denote the judgment or sentence." However, Sharp has not pointed to any Idaho statute in which the word "conviction" means a judgment of conviction, and it clearly does not. A few examples will illustrate this.

■ Idaho Code § 19–2117 states, "A conviction cannot be had on the testimony of an accomplice...." Idaho Code § 19–2123 requires the court to advise the jury to acquit if "the court deems [the evidence] insufficient to warrant a conviction." Idaho Code § 19–2305 provides, "A general verdict upon a plea of not guilty is either 'guilty' or 'not guilty,' which imports a conviction or acquittal of the offense charged in the indictment." Idaho Code § 19–2503 requires, "For the purpose of judgment, if the conviction is for a felony, the defendant must be personally present; if for a misdemeanor, judgment may be pronounced in his absence." Idaho Code § 19–2513 states, "Whenever any person is convicted of having committed a felony, the court shall, unless it shall commute the sentence, suspend or withhold judgment and sentence or grant probation, ... sentence such offender to the custody of the state board of correction." Section 19–2513 expressly requires that a defendant must be *convicted* of a crime before judgment can be withheld. Indeed, there are many statutes which provide that "upon conviction," a defendant can be sentenced as provided in the statute. *See, e.g.,* I.C. §§ 18–803, 18–1701,

18–3906, 18–6007, 18–7041(2), 25–137, 26–1215, 37–2733(b), 46–304, 59–1010, 63–2309, 72–1011. They reinforce the fact that a conviction under Idaho law must precede punishment, including withholding judgment and placing the defendant on probation.

Sharp relies upon the following statement from *State v. Cliett,* 96 Idaho 646, 650, 534 P.2d 476, 480 (1975), "Under *O'Dell* and *Medley,* when the court has withheld judgment and has not adjudged the defendant's guilt, the defendant has not been convicted." This statement by the *Cliett* Court is not supported by either the applicable criminal statutes or by the cases upon which the Court relied.

In *State v. Cliett,* the Court held that a withheld judgment did not constitute a conviction for the purpose of impeaching a witness by showing a prior felony conviction. In reaching that conclusion, the *Cliett* Court did not address the meaning of the word "conviction" or "convicted" in any criminal statutes. Rather, it relied upon the opinions in *State v. Barwick,* 94 Idaho 139, 483 P.2d 670 (1971); *State v. O'Dell,* 71 Idaho 64, 225 P.2d 1020 (1950); and *Ex parte Medley,* 73 Idaho 474, 253 P.2d 794 (1953). None of those opinions support the statement in *Cliett* that a defendant granted a withheld judgment has not been convicted.

The *Cliett* Court first cited *State v. Barwick,* 94 Idaho 139, 483 P.2d 670 (1971), stating, "Implicit in the *Barwick* decision is the assumption that where no judgment has ever been entered, there is no valid conviction which can be used for impeachment purposes." 96 Idaho at 649, 534 P.2d at 479. The *Cliett* Court was incorrect insofar as it interpreted *Barwick* as implicitly holding that there must be a judgment in order for there to be a conviction under Idaho law.

■ The criminal judgment at issue in *Barwick* was a Florida judgment for the felony offense of robbery. The prosecution sought to impeach Barwick by offering documents from a Florida court consisting of a copy of an information, a copy of a judgment and sentence, a copy of the order vacating the judgment and sentence, and a copy of an order of *nolle prosequi* dismissing the action. In reversing Barwick's judgment and convic-

tion, the Barwick Court stated, "Further, since the prosecutor introduced the order vacating the judgment and the *nolle prosequi,* he must have known that there had been no valid conviction against appellant." 94 Idaho at 143, 483 P.2d at 674. The Court did not state that there was no conviction because the judgment was vacated. It stated that the order vacating the judgment and the *nolle prosequi* showed that there was no conviction. "The words *'nolle prosequi'* are a Latin expression which translated literally mean 'to be unwilling to prosecute.' " *Wilson v. Renfroe,* 91 So.2d 857, 859 (Fla.1957). It is a dismissal of the case without prejudice.[3] In Barwick's Florida case, the order of *nolle prosequi* was entered one and one-half months after the judgment and sentence were vacated. Once the judgment and sentence had been vacated, the Florida prosecutor was apparently unwilling to continue with the prosecution and elected to dismiss the case without prejudice. In such situation, there would be no "conviction" in the sense of a determination of guilt. Thus, *Barwick* only stands for the proposition that when a judgment, sentence, and conviction were vacated apparently for some error, the defendant does not have a conviction.

■ The second case upon which the *Cliett* Court relied was *State v. O'Dell,* 71 Idaho 64, 225 P.2d 1020 (1950). The defendant in *O'Dell* challenged the jury's finding that he was a persistent violator on the ground that one of his prior felony convictions should be considered a misdemeanor because his sentence had been commuted to incarceration in jail. He relied upon Idaho Code § 18–111 which provided, "When a crime punishable by imprisonment in the state prison is also punishable by fine or imprisonment in a county jail, in the discretion of the court, it shall be deemed a misdemeanor for all purposes after a judgment imposing a punishment other than imprisonment in the state prison." The Court in *O'Dell* held that Section 18–111 applied when the statute fixing

the penalty for a crime provided for alternate sentences, not when the trial court exercised its discretion to commute a felony sentence to incarceration in jail. When the statute defines a crime as a felony and does not provide for an alternate misdemeanor sentence, the punishment actually imposed is not controlling in determining whether the crime is a felony or a misdemeanor. Although the Court in *O'Dell* acknowledged that "conviction" could mean the entry of judgment, it did not hold that there is no conviction until judgment was entered. As this Court stated in *State v. Chauncey,* 97 Idaho 756, 757, 554 P.2d 934, 935 (1976), "We do not interpret *O'Dell* to hold that conviction does not occur until after judgment has been entered."

The third case relied upon by the *Cliett* court was *Ex parte Medley,* 73 Idaho 474, 253 P.2d 794 (1953). In *Medley,* the defendant was granted a withheld judgment and placed on probation. He later violated the conditions of his probation, and the district court sentenced him to prison. Medley then appealed. He argued on appeal that because the district court had not entered a judgment adjudicating him guilty, the court had no jurisdiction to place him on probation and therefore could not have punished him for violating the terms of that void probation. In his brief on appeal, Medley argued as follows:

It is also plain and obvious from these proceedings that the court did not comply with the rule announced in the case of *State v. Engisn* [sic], 38 Idaho 539[, 223 P. 230],[4] which requires that the provisions of the parole statute[5] relating to parole and suspension of sentence must be exercised by the court at the time of the rendition of judgment. Interestingly enough, in the Ensign case, the court attempted to exercise the power of parole and probation after the rendition of judgment. In our case, the District Court attempted to exercise the power of parole and suspension of

**3.** The entry of a *nolle prosequi* is not a bar to a subsequent prosecution for the same offense. *Smith v. State,* 135 Fla. 835, 186 So. 203 (1939).

**4.** In *State ex rel. Conner v. Ensign,* 38 Idaho 539, 223 P. 230 (1924), this Court held that when the district court entered a judgment sentencing a

defendant to jail and a fine, the district court did not have jurisdiction to later suspend execution of the judgment.

**5.** At that time, the predecessor of *I.C.* § 19–2601 was called the "parole statute." *Ex parte Grove,* 43 Idaho 775, 254 P. 519 (1927).

sentence before the rendition of judgment. If the attempt to exercise the power of parole and suspension after the rendition of judgment is void, common sense and good reason would dictate that an attempt to exercise the same power before the rendition of judgment would also be void. (Footnotes added.) The Court rejected that argument on appeal, stating that the statute providing for a withheld judgment "does not require that the court must first adjudicate the guilt of defendant." 73 Idaho at 479, 253 P.2d at 797. The Court then added:

> The obvious and commendable objective of the Act which seeks in a proper case to avoid the stigma of a judgment of conviction would be in major part defeated if the contention of petitioner is accepted. To withhold judgment after a plea of guilty protects the defendant at that time against the stigma of a conviction which may be forever avoided should the defendant conform to its terms and conditions. This creates, and rightfully so, a hope in the heart of the accused that he may ultimately be released under an order of probation without the stigma of a judgment of conviction.

*Id.* The above quotation was the *Medley* Court's only use of the word "conviction." The Court twice referred to the "stigma of a judgment of conviction" and once to the "stigma of a conviction." When considering the argument the Court was answering, the Court was referring to the same thing all three times—the stigma of a judgment adjudicating the defendant guilty of a crime.

In addition, just prior to the above quotation, the Court stated, "The statute, Sec. 19-2601, I.C., as amended, S.L.1949, c. 117, expressly provides that where a person enters the plea of guilty to certain crimes including the one involved herein, the court may, in its discretion, withhold judgment and put the defendant on probation." *Id.* As originally enacted, the predecessor to Idaho Code § 19-2601 provided that under certain circumstances the court may withhold judgment when persons under age twenty-five "shall have been convicted of any crime against the laws of this State" with the exception of specified crimes. Ch. 104, § 1, 1915 Idaho Sess. Laws 244, 244-45 (emphasis added). The statute required a *conviction* before

judgment could be withheld. It was not until 1943 that the legislature added the language "or enter a plea of guilty in any District Court of the State of Idaho." Ch. 14, § 1, 1943 Idaho Sess. Laws 43. The addition of that language did not change the analysis. The Court had held over thirty years earlier that a guilty plea was a conviction. *In re Dawson*, 20 Idaho 178, 189, 117 P. 696, 700 (1911) ("We are of the opinion, therefore, that the plea of guilty in this case was a sufficient conviction of the accused, and that the court had jurisdiction to impose the penalty prescribed by the statute for the offense charged"); *accord State v. O'Dell*, 71 Idaho 64, 68, 225 P.2d 1020, 1022 (1950) (" 'Convicted' as ordinarily used in legal phraseology as indicating a particular phase of a criminal prosecution, includes the establishing of guilt whether by accused's admission in open court by plea of guilty to the charges presented, or by a verdict or finding of a court or jury"). The *Medley* case simply held that a judgment of conviction was not required in order for the court to withhold judgment and place the defendant on probation. It did not hold that a conviction was not required.

The opinion in *State v. Cliett*, 96 Idaho 646, 649, 534 P.2d 476, 479 (1975), was in error to the extent that it held that a defendant granted a withheld judgment did not have a conviction. We therefore overrule it insofar as it so holds.

## III. CONCLUSION

An outstanding withheld judgment based on a guilty plea qualifies as a conviction under Idaho law.

Justices BURDICK, J. JONES, W. JONES and HORTON concur.