# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 48027

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | Boise, February 2022 Term |
| | ) | |
| v. | ) | Opinion filed: May 3, 2022 |
| | ) | |
| JENNIFER MARIE OLSEN, | ) | Melanie Gagnepain, Clerk |
| | ) | |
| Defendant-Appellant. | ) | |

Appeal from the District Court of the Fifth Judicial District of the State of
Idaho, Twin Falls County. Roger B. Harris, District Judge. Benjamin D. Harmer,
Magistrate Judge.

The decision of the district court is <u>affirmed</u>.

Fuller Law Offices, Twin Falls, for Appellant. Daniel Brown argued.

Lawrence G. Wasden, Idaho Attorney General, Boise, for Respondent. Mark
Olson argued.

_____

MOELLER, Justice.

Jennifer Olsen brings this appeal, arguing that the current application of withheld
judgments in Idaho violates Idaho Code section 19-2601 because it causes criminal defendants to
be convicted, thereby negating the legal benefits envisioned by the statute. Olsen was charged with
misdemeanor driving under the influence, first offense. She entered into a plea agreement with the
State, but later asked the magistrate court to not accept her guilty plea and grant her a "true"
withheld judgment instead—i.e., one by which no conviction would take place. The magistrate
court denied her motion, accepted her guilty plea, and granted her a withheld judgment. As part of
the withheld judgment, the magistrate court placed Olsen on supervised probation for 12 months
subject to certain conditions, including: a requirement that she pay a fine and court costs; that her
driving privileges be suspended for 180 days; that an interlock system be installed in her car; and
that she attend Court Alcohol School and the Victim's Impact Panel.

1

Olsen appealed to the district court, arguing that (1) the magistrate court abused its discretion in denying her request for a "true" withheld judgment whereby Olsen would not sustain a criminal conviction; and (2) the magistrate court's granting of the withheld judgment was not appropriately applied or effectuated. The district court affirmed the magistrate court's decision. Olsen now appeals those same issues to this Court.

## I.      FACTS AND BACKGROUND

On May 10, 2019, Jennifer Olsen was charged with the crime of misdemeanor driving under the influence in violation of Idaho Code section 18-8004(1)(a), a first offense. Olsen entered a guilty plea on May 16, 2019, but later moved to withdraw the plea because she entered the plea without first seeking the advice of an attorney. The State did not object, and the magistrate court permitted Olsen to withdraw her guilty plea.

The State and Olsen later reached an agreement that required her to plead guilty to the DUI as alleged. However, before entering her guilty plea, Olsen filed a motion asking the magistrate court for what she termed "a 'true' withheld judgment, or in other words, a withheld judgment whereby the Defendant will not sustain a criminal conviction." She asked the magistrate court to "*not* accept the Defendant's guilty plea at the time of sentencing, so as to prevent a conviction." (Emphasis in original.) Olsen further asked the magistrate court to "withhold judgment[] and instruct the Clerk that upon entry of the Order Withholding Judgment, that the Odyssey system not reflect 'Guilty.' " After a hearing, the magistrate court denied Olsen's motion for a "true" withheld judgment. Olsen filed a motion for permissive appeal of the interlocutory order denying her motion for a withheld judgment. The motion for permissive appeal was also denied.

Olsen then entered a guilty plea to the charge of driving under the influence, as charged on January 27, 2020. On February 25, 2020, the magistrate court accepted her guilty plea and granted her a withheld judgment consistent with the court's understanding of Idaho Code section 19-2601. The magistrate court placed Olsen on supervised probation for 12 months subject to certain conditions, including a requirement that she pay a $200 fine and $202.50 for court costs, that her driving privileges be suspended for 180 days, that an interlock system be installed in her car, and that she attend Court Alcohol School and the Victim's Impact Panel.

Olsen appealed to the district court on April 7, 2020, arguing that (1) the magistrate court abused its discretion in denying her request for a "true" withheld judgment whereby Olsen would not sustain a criminal conviction, and (2) the withheld judgment entered by the magistrate court

2

was not appropriately applied or effectuated. On October 22, 2020, the district court issued its memorandum decision affirming the magistrate court's judgment. Olsen timely appealed to this Court.

## II.     STANDARD OF REVIEW

When the Idaho Supreme Court reviews the decision of a district court sitting in its capacity as an intermediate appellate court, it applies the following standard of review:

> The Supreme Court reviews the trial court (magistrate) record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. If those findings are so supported and the conclusions follow therefrom and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure. Thus, this Court does not review the decision of the magistrate court. Rather, we are procedurally bound to affirm or reverse the decisions of the district court.

*Papin v. Papin*, 166 Idaho 9, 454 P.3d 1092, 1101 (2019) (quoting *Pelayo v. Pelayo*, 154 Idaho 855, 858–59, 303 P.3d 213, 217–18 (2013)).

When this Court is asked to interpret a statute, it presents a question of law that we review on a de novo basis. *State v. Smalley*, 164 Idaho 780, 783, 435 P.3d 1100, 1103 (2019).

## III.     ANALYSIS

On appeal, Olsen argues that the district court erred when it affirmed the magistrate court's decision to not grant her motion for a "true" withheld judgment, leaving her with a conviction, one year of probation, a suspended license, and a fine and costs. Olsen asks this Court to revisit its decision in *U.S. v. Sharp*, 145 Idaho 403, 179 P.3d 1059 (2009), and reconsider the correct application of withheld judgments pursuant to Idaho law, rules, and policy set forth in Idaho cases prior to *Sharp*.

In *Sharp*, this Court agreed to answer the following question of law certified by the United States District Court for the District of Utah, Northern Division: "Does an outstanding withheld judgment based on a guilty plea qualify as a conviction under Idaho law?" We answered the question "in the affirmative." *Id*. at 403, 179 P.3d at 1059. After pleading guilty to burglary in Idaho, Sharp was granted a withheld judgment and placed on probation for three years. *Id*. He successfully completed his probation, but never took the steps to have his plea withdrawn and his case dismissed as set forth in Idaho Code section 19–2604(1). *Id*. at 404, 179 P.3d at 1060. Five years later, Sharp was charged in federal court in Utah for illegal possession of a firearm by a felon in violation of 18 U.S.C. § 922(g). *Id*. The charge was based on Sharp's earlier burglary conviction

in Idaho for which he received the withheld judgment. *Id*. This Court ultimately answered the certified question by holding that "[a]n outstanding withheld judgment based on a guilty plea qualifies as a conviction under Idaho law." *Id*. at 407, 179 P.3d at 1063.

In essence, this case now asks us to reconsider the meaning and effect of a withheld judgment and overturn *Sharp*. For the reasons set forth below, we stand by our decision in *Sharp*.

**A. The district court did not err in affirming the magistrate court's decision to deny Olsen's motion for a "true" withheld judgment.**

Olsen believes she should have been granted a withheld judgment without the magistrate court (1) requiring that she plead guilty and (2) convicting her of a crime. A sentencing court's ability to grant a withheld judgment is found among a variety of sentencing options listed in Idaho Code section 19-2601:

> Whenever any person shall have been *convicted, or enter a plea of guilty,* in any district court of the state of Idaho, of or to any crime against the laws of the state, except those of treason or murder, the court in its discretion may:
>
> 1. Commute the sentence and confine the defendant in the county jail, or, if the defendant is of proper age, commit the defendant to the custody of the state department of juvenile corrections;
> 2. Suspend the execution of the judgment at the time of judgment or at any time during the term of a sentence in the county jail and may place the defendant on probation under such terms and conditions as it deems necessary and appropriate;
> 3. Withhold judgment on such terms and for such time as it may prescribe and may place the defendant on probation under such terms and conditions as it deems necessary and appropriate;

(Emphasis added.) The original version of Idaho Code section 19-2601, enacted over 100 years ago, provided: "whenever any person under the age of 25 years shall have been convicted of any crime against the laws of this State . . . the court may in its discretion suspend the execution of judgment or withhold judgment . . ." Ch. 104, § 1, 1915 Idaho Sess. Laws 244, 244–45. This law was amended in 1943 and now reads: "Whenever any person shall have been convicted, or enter a plea of guilty in any District Court of the state of Idaho, of or to any crime against the laws of the State . . ." I.C. § 19-2601.

This Court has long defined the term "conviction" as the result of a court proceeding wherein guilt is established. *See, e.g.*, *In re Dawson*, 20 Idaho 178, 189, 117 P. 696, 700 (1911) (" 'Convicted' as ordinarily used in legal phraseology as indicating a particular phase of a criminal prosecution, includes the establishing of guilt whether by accused's admission in open court by

plea of guilty to the charges presented, or by a verdict or finding of a court or jury."). In *Sharp*, we again held that "the term 'conviction' refers to establishing guilt either by a plea of guilty or by a finding of guilt following a trial. 'Generally, "judgment" and "sentence" follow "conviction" as separate and distinct aspects of criminal process.' " 145 Idaho 403, 404, 179 P.3d 1059, 1060 (internal citations omitted).

Currently, a defendant who wishes to utilize the full benefit of a withheld judgment must plead guilty, comply with the terms of probation, and then file a motion to withdraw their guilty plea and obtain a dismissal of the case from the court. *State v. Guess*, 154 Idaho 521, 526, 300 P.3d 53, 58 (2013); *see also Sharp*, 145 Idaho at 404, 179 P.3d at 1060. The promise of a withheld judgment, as currently applied, is not that all records of the defendant's criminal act vanish. Nevertheless, Olsen argues that Idaho Code section 19-2601 permits a court to (1) not accept or even require a guilty plea, (2) decline to impose any fines, costs or penalties, and (3) enter a withheld judgment without convicting the defendant. Under Olsen's view, only if a "defendant violate(s) the terms of his withheld judgment, [could] the Court . . . then accept the plea, adjudicate the defendant guilty, and impose any penalties provided for by law for that conviction at that time." Olsen asks us to overrule *Sharp* because she believes the decision is "unworkable in many respects and must be reviewed" because its interpretation violates public policy and misinterprets Idaho Code section 19-2601. We disagree.

1. *A withheld judgment, as currently applied under* **Sharp***, is consistent with the plain language of section 19-2601(3).*

Olsen's argument is primarily focused on public policy. She argues that, as currently applied, Idaho Code section 19-2601(3) does not accomplish its own policy purposes because it does not actually render its intended benefit to defendants. In *State v. Branson*, this Court explained the policy purposes behind a withheld judgment:

> The power to withhold a judgment of conviction is provided to the court in order to spare the defendant, particularly a first time offender, "the burden of a criminal record." *State v. Wagenius*, 99 Idaho 273, 279, 581 P.2d 319, 325 (1978). *See also Ex parte Medley*, 73 Idaho 474, 479, 253 P.2d 794, 797 (1953) (withholding judgment after a plea of guilty "protects the defendant at that time against the stigma of a conviction which may be forever avoided" if the defendant complied with the terms of the probation.)

128 Idaho 790, 793, 919 P.2d 319, 322 (1996).

Olsen claims "*Sharp* has created an impermissible dilemma between Idaho Code section 19-2601 and *Branson*." Olsen emphasizes that *Branson* is still good law and has been cited

recently. Olsen is correct that *Branson*—decided 13 years before Sharp—was not expressly overruled by *Sharp* and has been cited recently.[1] Contrary to Olsen's suggestion, *Branson* and *Sharp* are not in conflict. In *Branson* we held: "When judgment is withheld under I.C. § 19-2601 there is no sentence actually imposed on the defendant and, more importantly, no judgment of conviction is entered." 128 Idaho at 793, 919 P.2d at 322. *Branson* does not hold that *a conviction* is not entered; instead, both *Sharp* and *Branson* hold that no *judgment of conviction* is entered with a withheld judgment.

We acknowledge that the statement in *Branson* that a withheld judgment "spare[s] the defendant, particularly a first time offender, 'the burden of a criminal record' " may initially seem inconsistent with *Sharp* because a withheld judgment does leave evidence of a conviction in court records. However, *Branson* discussed the lack of a judgment of conviction, as opposed to a conviction in general. *Branson* cites to *Medley,* where we stated, "withholding judgment after a plea of guilty 'protects the defendant at that time against the stigma of a conviction which may be forever avoided.' " *Id.* (quoting *Ex parte Medley*, 73 Idaho 474, 479, 253 P.2d 794, 797 (1953)). However, the Court in *Sharp*, although not discussing *Branson*, did specifically address *Medley*.

In *Medley*, the defendant argued on appeal that because the district court had merely entered a withheld judgment—thereby not actually adjudicating him as guilty—it had no jurisdiction to place him on probation. 73 Idaho at 478, 253 P.2d at 796. On appeal, this Court stated that "[t]he contention that the court was without jurisdiction to place petitioner on probation following a plea of guilty without first adjudicating such guilt is without merit." 73 Idaho at 479, 253 P.2d at 797. This Court determined:

> [Idaho Code section 19-2601] does not require that the court must first *adjudicate* the guilt of the defendant. The obvious and commendable objective of the Act which seeks in a proper case to avoid the stigma of a judgment of conviction would be in major part defeated if the contention of petitioner is accepted. To withhold judgment *after a plea of guilty* protects the defendant at that time against the stigma of a conviction which may be forever avoided should the defendant conform to its terms and conditions. This creates, and rightfully so, a hope in the heart of the accused that he may ultimately be released under an order of probation without the stigma of a judgment of conviction. This is an incentive for complete rehabilitation and reform, one of the salutary objectives of the Act.

*Id.* (emphasis added).

---

[1] While Olsen does not point to specific cases, a review of cases citing *Branson* shows that these cases are either not on point with the issues Olsen raises or were decided prior to *Sharp.*

The Court in *Sharp* considered the addition of the language "or enter a plea of guilty" to Idaho Code section 19-2601(3) in 1943 and determined that such language did not change the meaning that existed when the statute only stated it applied to those who "have been convicted." 145 Idaho at 407, 179 P.3d at 1063. Importantly, *Sharp* cited to a case many years prior to *Medley* in which this Court stated, "[w]e are of the opinion, therefore, that the plea of guilty in this case was a sufficient conviction of the accused . . ." *Ex parte Dawson*, 20 Idaho 178, 189, 117 P. 696, 700 (1911). *Sharp*, therefore, interpreted *Medley* as "simply h[olding] that a *judgment of conviction* was not required in order for the court to withhold judgment and place the defendant on probation. *It did not hold that a conviction was not required*." 145 Idaho at 407, 179 P.3d at 1036 (emphasis added). Specifically, in reference to the above block quote from *Medley*, the Court in *Sharp* held that *Medley* referred to "the stigma of a *judgment* adjudicating the defendant guilty of a crime," as opposed to a conviction. *Id.* (emphasis added).

Olsen believes *Sharp* prevents withheld judgments from accomplishing their purpose because a defendant must first be convicted before a withheld judgment can be granted. However, Olsen does not distinguish a "conviction" from a "judgment of conviction," as we did in *Sharp*.[2] In *Sharp*, we concluded that the policy purposes of section 19-2601 had not been violated, as Olsen suggests, because the protection provided is only from the stigma of a judgment of conviction. However, Olsen argues that section 19-2601 should provide protection from the stigma of any form of conviction.

Olsen is correct that a withheld judgment does not effectively shield defendants from ever having someone discover the existence of their charge or their guilty plea. However, just because withheld judgments do not provide all the protections she desires does not mean they violate Idaho law as it currently stands. *Sharp* interpreted section 19-2601(3) to protect defendants from a judgment of conviction, not a conviction. Such interpretation does not violate the public policy of withheld judgments. While we understand Olsen's view that a "withheld judgment" should actually withhold more than just a "judgment" to provide meaningful relief to a defendant, the plain language of the statute only applies to defendants who have been "convicted, or enter[ed] a

---

[2] Olsen's position is somewhat unclear. She takes issue with Respondent seeking to distinguish a conviction from a judgment of conviction. However, she then says, "On the one hand, a judgment of conviction can be thought of as a written memorial of the court's adjudication of guilt, however it can also be interpreted to reflect the penalties imposed for a prior adjudication of guilt, or both." She then cites to *Sharp*, which states a conviction occurs with a guilty plea or a finding of guilt following trial and that judgment follows conviction as a separate aspect of the process. It is unclear from the reply briefing how or if these terms are different to Olsen.

7

plea of guilty." I.C. § 19-2601.  If the legislature viewed the purpose of section 19-2601 differently from the Court, they have had 13 years to modify the statute and have not done so. Therefore, *Sharp* remains good law and despite the invitation to revisit its holding, we continue to stand by the precedent it set.

## 2. *A withheld judgment requires an adjudication of guilt.*

"The objective of statutory interpretation is to derive the intent of the legislative body that adopted the act." *State v. Dunlap*, 155 Idaho 345, 361, 313 P.3d 1, 17 (2013). "This Court begins with the statute's words, giving those words their plain, obvious, and rational meaning. If the statute's language is unambiguous, this Court follows the statute as written. Therefore, we begin with whether the statutory language is ambiguous." *State v. Glenn*, 156 Idaho 22, 25, 319 P.3d 1191, 1194 (2014) (internal citations omitted). "In addition, provisions are interpreted within the context of the whole statute, not as isolated provisions. This includes giving effect 'to all the words and provisions of the statute so that none will be void, superfluous, or redundant.' " *State v. Burke*, 166 Idaho 621, 623, 462 P.3d 599, 601 (2020).

Olsen asserts that *Sharp* makes section 19-2601(3) inconsistent or superfluous when read with Idaho Code sections 19-2601(2) and 19-2604, and Idaho Misdemeanor Criminal Rule 10. Olsen asserts the *Sharp* interpretation makes section 19-2601(3) of no greater benefit than 19-2601(2) because "if the mere 'entry of a plea of guilty' is sufficient for a conviction, then it does not matter whether a judgment of conviction is entered or withheld." Whether a judgment is withheld or suspended, the "[d]efendants are convicted, and the Court may choose to impose or suspend penalties." Olsen also suggests section 19-2604 renders 19-2601(3) superfluous because 19-2604 allows defendants with or without a withheld judgment, such as those with suspended judgment, to withdraw their guilty plea and dismiss their case. Olsen further claims that the *Sharp* interpretation is inconsistent when read with Idaho Misdemeanor Criminal Rule 10, which lists "the impact a record of a criminal conviction would have upon the defendant's future development and/or employment status" as a factor that must be considered prior to granting a withheld judgment. Olsen claims that if a defendant must be convicted before a withheld judgment can be granted, then there is no benefit to considering the impact "a record of a criminal conviction would have" because the defendant remains convicted regardless of whether a withheld judgment is granted.

Idaho Code sections 19-2601(2) and 19-2604, and Idaho Misdemeanor Criminal Rule 10 do not render section 19-2601(3) superfluous. There are important differences between a withheld judgment under Idaho Code section 19-2601(3) and a "suspended judgment" (i.e., a suspended sentence) under 19-2601(2). On the most basic level, "[t]he difference between suspending the imposition of sentence and withholding judgment is that under the former the defendant's judgment of conviction is permanently entered whereas in the latter case it is withheld." *Peltier v. State*, 119 Idaho 454, 460, 808 P.2d 373, 379 (1991). While having a withdrawn guilty plea and dismissed case on one's record is not as desirable as having no mention of a crime, it is far better than having a judgment of conviction on one's record. This distinction allows courts to issue a withheld judgment after considering the impact of a *judgment of conviction*, thereby remaining compliant with Idaho Misdemeanor Rule 10.

Additionally, the sentence imposed after violation of the terms of probation may be different for a withheld judgment and a suspended judgment. For example, if a defendant with a withheld judgment violates the terms of probation, "the trial court may revoke the probation and impose *any* sentence which originally might have been imposed at the time of conviction." *Peltier*, 119 Idaho at 460, 808 P. 2d at 379 (emphasis in original); I.C. § 19-2603. However, if a defendant with a suspended judgment violates probation, the trial court "may revoke the probation and suspension of sentence and *cause the sentence imposed* to be executed, . . ." I.C. § 20-222(2) (emphasis added). In *State v. Pedraza*, we explained the significance of this language:

> We are convinced that the portion of the statute [I.C. § 20-222(2)] which permits a court to "impose any sentence which originally might have been imposed at the time of conviction" refers *only* to a revocation of probation following a withheld judgment, while the portion which permits the original "sentence imposed to be executed" refers to a revocation of probation following a suspension of the execution of judgment and sentence.

101 Idaho 440, 442, 614 P.2d 980, 982 (1980) (emphasis added).

Olsen is partially correct in noting that Idaho Code section 19-2601(3), as interpreted by *Sharp,* may potentially leave a defendant with a withheld judgment in a worse position than a defendant with a suspended sentence under section 19-2601(2). However, this is only true when a defendant with a withheld judgment violates the terms of probation. Importantly, the legislature, in adopting section 19-2601(3), was not attempting to give a break to those defendants who *fail* to meet the terms of probation. Rather, the clear aim of section 19-2601(3) is to benefit those who *succeed* on probation. Thus, the differences between a suspended judgment and a withheld

judgment are sufficient to conclude that section 19-2601(2) does not render section 19-2601(3) superfluous. Although some of the benefits provided by section 19-2601(3) are not exclusive to withheld judgments, we cannot conclude that section 19-2604 renders section 19-2601(3) superfluous.

Additionally, Olsen's desired interpretation of Idaho Code section 19-2601(3) presents issues and inconsistencies when read in conjunction with sections 19-101 and 18-8005, and Idaho Misdemeanor Criminal Rule 6(a)(3). For example, section 19-101 states, "No person can be punished for a public offense except upon a legal conviction in a court having jurisdiction thereof." The Court in *Sharp* explained that while "conviction" does not mean "judgment of conviction," a conviction is still required prior to issuing a withheld judgment. "[A] conviction occurs 'by the verdict of a jury . . . or upon a plea of guilty' and it must precede punishment. If the word 'conviction' meant a judgment of conviction, it could not precede punishment because a judgment of conviction includes the punishment." *Sharp*, 145 Idaho at 404, 179 P.3d at 1060; *see* I.C.R. 33(b) ("The judgment of conviction must state: (1) the plea, (2) the verdict or findings, (3) the adjudication and sentence, and any credit for time served . . . , (4) the terms of probation, if any."). Olsen's proposed interpretation would require punishment without a conviction, thereby violating section 19-101.

Here, Olsen was charged with misdemeanor driving under the influence pursuant to Idaho Code section 18-8004(1)(1). Section 18-8005 sets forth penalties that may be imposed on "any person who pleads guilty to or is found guilty of a violation of the provisions of section 18-8004(1)(a)." Olsen's interpretation of "pled guilty" would mean that the guilty plea was somehow entered but not accepted; therefore, no conviction exists. However, such an interpretation would allow punishment under Idaho Code section 18-8005 to occur without a conviction, again violating section 19-101's requirement that no punishment can occur without a conviction. *See Sharp*, 145 Idaho at 405, 179 P.3d at 1061. ("In the instant case, Sharp was ordered to pay a fine as a condition of his probation. That could not have happened unless he had a legal conviction.").

Also problematic for Olsen's interpretation is that Idaho Misdemeanor Criminal Rule (6)(a)(3) does not permit a court to take a defendant's guilty plea without accepting it:

> If the defendant desires to enter a plea of guilty to a misdemeanor citation, and if the clerk is authorized to accept such a plea and fine under Rule 14, the clerk *shall accept the plea of guilty* by having the defendant sign a written plea of guilty on the face of the court's copy of the citation and collect the fine and court costs as

provided by Rule 14. . . . All other pleas of guilty may be filed with the clerk, *but must be accepted by the court*.

I.M.C.R. 6(a)(3) (emphasis added). The language is mandatory; the clerk "shall" and the court "must" accept the guilty plea. "If the defendant enters a plea of guilty, the court may thereupon impose the sentence or may appoint a later time for imposing sentence." I.M.C.R. 6(b). Clearly, a sentence only comes after a conviction.

What Olsen is suggesting a withheld judgment entails simply bears no resemblance to current Idaho criminal procedures, as set forth in rule and statute. Olsen's view actually describes a scheme more akin to an adult "diversion" program, an option available in certain counties since 2019. *See* I.C. §§ 19-1306 – 19-1309. Unlike a withheld judgment, which requires a conviction, such programs act "as an alternative to adjudication of a criminal case in court" for first time DUI offenders, and they utilize "local community resources, churches, substance abuse counseling, informal probation, community service work, voluntary restitution, or other available services or programs." I.C. § 19-3507(1). Such diversion programs may be established in Idaho counties by local prosecuting attorneys; however, they are not mandatory. I.C. § 19-3509(1). While the purpose of these programs—which "provide an alternative to the imposition of criminal sanctions when such an alternative can be expected to serve as sufficient sanction to deter criminal conduct"— aligns with Olsen's view of how a withheld judgment should work, Twin Falls County had no such program at the time of Olsen's offense. I.C. § 19-3507(2)(c).

Olsen's interpretation might seem feasible when Idaho Code section 19-2601(3) is read in isolation; however, her interpretation would not function properly when read in conjunction with a plethora of other Idaho rules and statutes. Thus, accepting Olsen's argument and reinterpreting Idaho Code section 19-2601 would have manifold unintended consequences and ramifications touching almost every rule and statute relying upon that section. While we understand Olsen's argument that withheld judgments may not provide enough benefit or even the desired benefits to defendants, this is a policy argument more appropriately made before the Idaho Legislature. Accordingly, because we conclude that section 19-2601 is unambiguous, we will apply its plain meaning and application.

### B. Olsen's withheld judgment properly included probation, a license suspension, fines, costs, and other collateral consequences associated with a DUI.

As part of the withheld judgment, the magistrate court placed Olsen on supervised probation for 12 months subject to certain conditions, which included (1) the requirement that she

11

pay a $200 fine and $202.50 for court costs, (2) suspension of her driving privileges for 180 days, (3) installation of an ignition interlock system in her car, and (4) that she attend Court Alcohol School and the Victim's Impact Panel. Additionally, Olsen was given 10 days of discretionary jail as a means of assuring compliance with the terms of her probation. Olsen asserts that "[i]t appears that the only penalty that could be considered to be 'withheld' was a sentence of incarceration"— i.e., she was given no jail time. Olsen argues that (1) the magistrate court should not have imposed fines, court costs, or a license suspension at sentencing and (2) the judgment entered against her was merely a judgment of conviction under another name. She asserts that "[a]lthough no Judgment of Conviction was entered, at least in reference to any document with that title, a Judgment was entered which included the sentencing terms set forth above."

Olsen relies on *Branson*, which states, "[w]hen judgment is withheld under I.C. § 19-2601 there is *no sentence actually imposed* on the defendant and, more importantly, no judgment of conviction is entered." 128 Idaho at 793, 919 P.2d at 322 (emphasis added). However, although both sections 19-2601(2) and (3) address probation, only section 19-2601(2) contemplates a "sentence in the county jail." Olsen suggests that *Branson* means that no fines, costs, or license suspension may be imposed when the court grants a withheld judgment. Yet, Idaho Code section 19-2601(3) expressly allows the court to "place the defendant on probation under such terms and conditions as it deems necessary and appropriate." Olsen has not pointed to any Idaho law, other than her own interpretation of *Branson*, to suggest that a fine, costs, and a driver's license suspension are impermissible "terms and conditions" under section 19-2601(3).

Existing rules and law are clearly counter to Olsen's view. For example, Idaho Criminal Rule 33(d) expressly states that "[a]n order withholding judgment must include the terms of probation, if any." Additionally, Rule 33(d) requires:

> The conditions of a withheld judgment or probation may include, among other lawful provisions the following:
>
> . . .
>
> (2) a requirement that the defendant pay a specific sum of money to the court for the prosecution of the criminal action against the defendant, or a sum of money not to exceed the fine and court costs that could be assessed if the judgment were not suspended or withheld . . .

Thus, it is clearly established in the Idaho Rules of Criminal Procedure that probationary terms like those imposed on Olsen are a routine and ordinary part of any withheld judgment.

12

Idaho case law further demonstrates the permissibility of fines and costs as a condition of a withheld judgment and as a term of probation. "The payment of money as a condition of probation is often used to emphasize the seriousness of a defendant's action." *State v. Cross*, 105 Idaho 494, 496, 670 P.2d 901, 903 (1983). Tellingly, the defendant in *Sharp* was granted a withheld judgment and placed on probation for three years. 145 Idaho at 403, 179 P.3d at 1059. Conditions of his probation included a requirement to pay fines, court costs, restitution, and that the defendant not possess a firearm. *Id.* at 402, 179 P.3d at 1060. "Where a verdict or plea of guilty has been accepted by the court but judgment on that plea or verdict has been withheld, § 19-101 does not preclude the imposition of criminal punishment, fines and imprisonment, as conditions of that withheld judgment." *Id.*, 145 at 404–05, 179 P.3d at 1060–61 (quoting *State v. Wagenius*, 99 Idaho 273, 278, 581 P.2d 319, 324 (1978)).

Olsen also argues that the judgment entered against her is essentially a *de facto* judgment of conviction. A judgment of conviction must state: (1) the plea, (2) the verdict or findings, (3) the adjudication and sentence, and any credit for time served . . . , (4) the terms of probation, if any. I.C.R. 33(b). The withheld judgment entered against Olsen contained her plea, a reference to the fact that judgment was withheld, and the terms of her probation. Thus, Olsen asserts that "in reality, it appears that [a] Judgment of Conviction was entered, albeit with a different name." However, even if a withheld judgment resembles a judgment of conviction, Olsen has not provided any statute, case, or rule supporting her argument that the form of her withheld judgment was in error. In fact, Idaho Criminal Rule 33(d) requires that an order withholding judgment "must include the terms of probation." Therefore, we decline to hold that a "withheld judgment" is a *de facto* "judgment of conviction," merely because it contains the terms of probation and the collateral consequences of conviction.

## IV.    CONCLUSION

For the forgoing reasons, we affirm the district court's decision affirming the magistrate court's (1) denial of Olsen's motion for a "true" withheld judgment and (2) application of Idaho Code 19-2601 to the case at hand.

Chief Justice BEVAN, Justices BRODY, STEGNER and ZAHN **CONCUR.**

13